CITY OF WACO, Texas, Petitioner,

v.

Larry KELLEY, Respondent.

No. 07–0485.

Supreme Court of Texas.

Argued April 2, 2008.

Decided Feb. 19, 2010.

Kevin Wayne Cole, Cole & Powell, P.C., Jennifer A. Powell, Schwartz & Eichelbaum Wardell Mehl and Hansen, Austin, Arthur Pertile III, City Attorney, Christopher Daniel Taylor, Assistant City Attorney, John T. Patterson, Interim City Attorney, David W. Holman, The Holman Law Firm, P.C., Houston, Leah–Flora Bernadett Hayes, City Attorney, for Petitioner.

LaNelle L. McNamara, LaNelle L. McNamara, P.C., Waco, Michael Lee Rickman, C.L.E.A.T. Office, Richard W. Carter, Combined Law Enforcement Associations of Texas, Fort Worth, for Respondent.

B. Craig Deats, Deats Durst Owen & Levy, P.L.L.C., Austin, for Amicus Curiae Texas State Association of Fire Fighters.

Marcus L. Dobbs, Senior Assistant City Attorney, for Amicus Curiae City of Houston.

Justice JOHNSON delivered the opinion of the Court.

Under the City of Waco's civil service system, a police officer may appeal involuntary discipline to either the Civil Service Commission or a third party hearing examiner. In this case, an assistant chief was disciplined by being indefinitely suspended, which is the equivalent of being dismissed from the department. A hearing examiner found that the charges against him were true but determined that the discipline was excessive. The hearing examiner reduced the suspension to 180 days, reinstated the assistant chief to the police force at a reduced rank, and ordered that he be made whole as to his lost wages and benefits. We hold that the examiner exceeded his jurisdiction in part. We reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

## I. Background

The City of Waco has adopted Chapter 143 of the Local Government Code (the Civil Service Act, or Act) and thereby provides a civil service system for its police department.[1] TEX. LOC. GOV'T CODE § 143.004;[2] WACO, TEX., CODE OF ORDINANCES § 18–96 (2009). The Act provides that all police officers are "classified" employees and have civil service protection, except for the head of the department and any persons the department head appoints to positions categorized as being immediately below the department head. TEX. LOC. GOV'T CODE § 143.021(b).

Larry Kelley was a veteran officer with the Waco Police Department and was serving as commander in 1999 when he

---

1. The Act provides that civil service systems may be provided for fire fighters and police officers. We reference police officers for convenience and ease of reference.

2. Statutory references will be to the Local Government Code unless otherwise noted.

was appointed assistant chief of police. Assistant chief is the personnel category immediately below that of the chief, who is the department head. While serving as assistant chief, Kelley was arrested in Austin and charged with driving while intoxicated. Waco's Chief of Police, Alberto Melis, determined that Kelley's conduct violated Waco's civil service rules. Kelley offered to accept voluntary discipline of being returned to the position of commander, serving a ninety-day suspension, and performing service by addressing the younger police officers. Chief Melis rejected Kelley's offer and suspended him indefinitely. The Act specifies that an indefinite suspension is equivalent to dismissal from the department. *Id.* § 143.052(b).

Pursuant to procedures mandated by Subchapter D of the Act, which is entitled "Disciplinary Actions," Chief Melis filed a written statement with Waco's Fire Fighters' and Police Officers' Civil Service Commission setting out his reasons for suspending Kelley. *See id.* § 143.052(c). Melis specified that Kelley's suspension was based on Section 143.051(7), which provides that a police officer may be removed or suspended for drinking intoxicants while on duty or for intoxication while off duty, and Section 143.051(12), which provides for the removal or suspension of an officer for violation of an applicable fire or police department rule or special order.

Even though Kelley was not a classified employee because he was an assistant chief, the Act provided him the same appellate rights and privileges as a classified officer. *Id.* § 143.014(h). He was therefore entitled to appeal either to the commission or to an independent third party hearing examiner. *Id.* § 143.057(a). Kelley appealed to a hearing examiner. The hearing examiner found that the charges against Kelley were true but concluded that the discipline imposed was excessive. The examiner ordered Kelley reinstated at the rank of sergeant[3] and ordered his indefinite suspension reduced to a temporary suspension of 180 days. The examiner also directed that Kelley be "made whole subject to the normal principles of mitigation."

The City appealed to the district court. It alleged that the hearing examiner exceeded his jurisdiction by considering evidence not presented at the hearing, reducing the length of Kelley's suspension from indefinite to temporary, demoting him, and awarding back pay and benefits. *See id.* § 143.057(j) (stating that a district court may hear an appeal of a hearing examiner's award "on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction"). Kelley denied the City's claims. By counter-appeal, he requested reconsideration of the hearing examiner's denial of his motion to have the suspension declared void because the City failed to follow specific procedures under the Act when suspending him. He moved for dismissal of the City's appeal for lack of jurisdiction and filed a motion for summary judgment in which he asserted there was no evidence the hearing examiner exceeded his jurisdiction. The district court denied Kelley's motion to dismiss and counter-appeal, granted his motion for summary judgment, and awarded him $12,500 in attorney's fees. The City appealed.

---

**3.** Officers in Waco's police department are ranked, in descending order, as chief (the department head), assistant chief, commander, sergeant and officer. The hearing examiner specifically rejected demoting Kelley only one step to commander or three steps to officer.

The court of appeals dismissed the case for lack of jurisdiction. The court reasoned that the trial court had no jurisdiction because "the [C]ity has no right of appeal from [the] hearing examiner's decision—only [a] firefighter or police officer can appeal." No. 10–03–00214–CV, 2004 WL 2481383, at *1 (Tex.App.-Waco Oct.29, 2004) (mem. op.), *rev'd per curiam,* 197 S.W.3d 324 (Tex.2006). After the court of appeals rendered its decision, we held that municipalities have the right to appeal an independent hearing examiner's decision. *City of Houston v. Clark,* 197 S.W.3d 314, 324 (Tex.2006). Referencing *Clark,* we reversed and remanded Kelley's case to the court of appeals for further proceedings. *City of Waco v. Kelley,* 197 S.W.3d 324, 325 (Tex.2006). On remand, the court of appeals held that the hearing examiner did not exceed his jurisdiction by reducing the length of Kelley's suspension or by awarding him back pay and benefits[4] and that the district court properly awarded Kelley attorney's fees. 226 S.W.3d 672, 681. The court of appeals also held that the hearing examiner exceeded his jurisdiction by ordering Kelley's demotion to sergeant and ordered Kelley reinstated at his prior classified position of commander. *Id.*

We granted the City's petition for review. By six issues, the City challenges the court of appeals' judgment on the bases that when a hearing examiner finds the charges against an indefinitely suspended officer are true, the hearing examiner has authority under the Act only to affirm the suspension and permanently dismiss the officer; even if the hearing examiner has jurisdiction to reduce an indefinite suspension and thereby effectively reinstate the officer to the department, the examiner

has no authority to order a suspension for 180 days or order back pay and benefits; and attorney's fees are not recoverable in an appeal from a hearing examiner's award. We begin by addressing the hearing examiner's jurisdiction.

## II. Jurisdiction of a Hearing Examiner

### A. The Act Provides Jurisdiction

In *City of Pasadena v. Smith,* 292 S.W.3d 14 (Tex.2009), decided after the court of appeals' decision in this case, we considered jurisdictional boundaries in appeals from disciplinary suspensions under the Act. There, the hearing examiner summarily ruled against the city because the department head was not present to testify when the hearing began. *Id.* at 16. In analyzing the examiner's actions, we noted that the deadlines, procedures, and limitations the Act provides as to the Civil Service Commission apply equally to hearing examiners. *Id.* at 20. Those deadlines, procedures, and limitations necessarily provide standards by which the actions of examiners must be measured; otherwise, the Act could raise concerns that it impermissibly delegates legislative authority:

> But if the Act does not bind hearing examiners to definite standards for reaching decisions and instead gives them broad latitude in determining not only factual disputes but the applicable law, they become not merely independent arbiters but policy makers, which is a legislative function. This would raise nondelegation concerns, an issue noted but not addressed in *Proctor* [*v. Andrews,* 972 S.W.2d 729 (Tex.1998)]. It is one thing for a hearing examiner to determine whether conduct for which an

---

**4.** The court of appeals noted that the parties considered the hearing examiner's directive that Kelley be "made whole" to order only that he be paid wages and benefits for the period of time after his 180–day suspension ended. 226 S.W.3d 672, 680. The parties do not take a position on the issue in this court.

officer or fire fighter has been disciplined occurred as charged; it is quite another thing for a hearing examiner to decide whether conduct that did occur deserves discipline.

*Id.* at 18–19.

We held that a hearing examiner is not authorized to make rules, but must follow those prescribed by the Legislature and that the Act both confers and limits the power of a hearing examiner. *Id.* at 20; *see* TEX. LOC. GOV'T CODE § 143.010(g). We acknowledged the difficulty of stating a test for determining when a hearing examiner exceeds his jurisdiction: "The most accurate test we can state is that a hearing examiner exceeds his jurisdiction when his acts are not authorized by the Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine." *City of Pasadena,* 292 S.W.3d at 21. Because the hearing examiner in *City of Pasadena* refused to hear evidence and did not make his decision based on evidence submitted during the hearing as the Act requires, he exceeded his jurisdiction. *Id.* at 20–21.

▬ Because the City of Waco does not argue that the Act impermissibly delegates legislative authority, we will focus on whether the hearing examiner exceeded his jurisdiction by ordering either relief not authorized by the Act or relief contrary to that authorized by the Act. *See id.* at 21. Making that determination requires us to consider what actions the Act authorized the hearing examiner to take and to measure the examiner's actions against those authorized actions. In construing the statute to determine what relief it authorizes, we keep in mind that our objective is to determine and give effect to the Legislature's intent. *Leland v. Brandal,* 257 S.W.3d 204, 206 (Tex.2008). If the Legislature provides definitions for words it uses in statutes, then we use those definitions in our task. *See* TEX. GOV'T CODE § 311.011(b). We give effect to legislative intent as it is expressed by the plain meaning of words used in the statute unless the context necessarily requires a different construction, a different construction is expressly provided by statute, or such an interpretation would lead to absurd or nonsensical results. *See Hernandez v. Ebrom,* 289 S.W.3d 316, 321 (Tex.2009); *Fleming Foods of Tex., Inc. v. Rylander,* 6 S.W.3d 278, 284 (Tex.1999). Thus, we also must examine the Legislature's words in context of the statute as a whole and not consider words or parts of the statute in isolation. *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.,* 283 S.W.3d 838, 842 (Tex.2009). Our review is de novo. *See City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25 (Tex.2003) ("We review matters of statutory construction de novo."); *see also Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003) ("We review the trial court's summary judgment de novo.").

### B. Appeal of a Suspension

If a classified officer is involuntarily suspended, the officer may appeal the suspension to either the commission or an independent third party hearing examiner. TEX. LOC. GOV'T CODE § 143.057(a). If appeal is to a hearing examiner, the examiner has the same duties and powers as the commission. *Id.* § 143.057(f). The ultimate decision options of the commission—and hearing examiner—are specified in Section 143.053:

(e) In its decision, the commission shall state whether the suspended fire fighter or police officer is:

(1) permanently dismissed from the fire or police department;

(2) temporarily suspended from the department; or

(3) restored to the person's former position or status in the department's classified service.

(f) If the commission finds that the period of disciplinary suspension should be reduced, the commission may order a reduction in the period of suspension.

*Id.* § 143.053(e)-(f).

Officers appointed and serving in positions immediately below the department head, as Kelley was, do not have civil service protection. *Id.* § 143.021(b). Nevertheless, if an officer serving in such a position is indefinitely suspended, the Act affords that officer the same rights to a hearing that a classified officer would have:

(h) If a person appointed under this section is charged with an offense in violation of civil service rules and *indefinitely suspended* by the department head, the person has the same rights and privileges of a hearing before the commission *in the same manner and under the same conditions as a classified employee.* If the commission, a hearing examiner, or a court of competent jurisdiction finds the charges to be untrue or unfounded, the person shall immediately be restored to the same classification, or its equivalent, that the person held before appointment. The person has all the rights and privileges of the prior position according to seniority, and shall be repaid for any lost wages.

*Id.* § 143.014(h) (emphasis added). In addition to providing for the right to a hearing, Section 143.014(h) specifies what decision the hearing examiner must render if charges against the officer are found to be untrue: the officer must be "restored" to the same or an equivalent classification as the position the officer held before being appointed to the position just below de-partment head. The section thus provides the limit of a hearing officer's jurisdiction if the examiner finds the charges to be untrue, but it does not specify what decisions can be rendered if the charges are found to be true. In contrast, Sections 143.053(e) and (f) specify the decisions that a hearing examiner may render and necessarily establish the hearing examiner's jurisdiction when the charges against an officer are found to be true. First, the suspended officer may be dismissed from the department. *Id.* § 143.053(e)(1). Second, the officer may be temporarily suspended. *Id.* § 143.053(e)(2). Third, the officer may be restored to the officer's former position or status in the department's classified service. *Id.* § 143.053(e)(3). The Act specifies that if the examiner finds the period of disciplinary suspension should be reduced, the examiner may reduce it. *Id.* § 143.053(f). Further, if the examiner's decision is that the officer is not to be suspended or dismissed, then the only choice left to the examiner is for the officer to be "restored" to the officer's former position or status in the department's classified service, and the officer is entitled to wages and benefits for the actual time lost as a result of the suspension. *Id.*

## III. Analysis

### A. Reduction of Indefinite Suspension

We first consider the parts of the hearing examiner's order reducing Kelley's suspension from indefinite to 180 days. By reducing the suspension, the hearing examiner effectively reinstated Kelley to the police force.

The City argues that because Kelley was an assistant chief, Section 143.014(h) did not provide authority for the examiner to temporarily suspend or demote him after finding the charges against him were true; rather, the examiner was required to up-

hold the indefinite suspension. Kelley responds that the City is precluded from arguing that Section 143.014 prohibits a hearing examiner from reducing an assistant chief's suspension because Chief Melis failed to cite Section 143.014 in his written statement as a basis for the discipline. *See id.* § 143.052(c), (e) (requiring a department head who suspends an officer to file a written statement with the commission giving the reasons for the suspension, identifying each civil service rule allegedly violated, and describing the acts alleged to have violated each rule identified). He further asserts that the Legislature could not have reasonably intended to provide a hearing examiner with *no* authority to alter a suspension if the charges are determined to be true.

### 1. Chief Melis's Written Statement

■ After suspending an officer, a department head must provide a written statement to the commission and the officer giving the reasons for the suspension. *Id.* § 143.052(c). The statement must point out each civil service rule allegedly violated and describe each infraction. *Id.* § 143.052(e) The statement must also inform the officer of the right to appeal and that the right to appeal a hearing examiner's decision to a district court is limited. *Id.* §§ 143.052(d), 143.057(a). If the officer appeals, "the department head is restricted to the department head's original written statement and charges, which may not be amended." *Id.* § 143.053(c). Nothing in the Act requires the department head's statement to specify what authority a hearing examiner has or what sections of the Act provide the hearing examiner with authority. Further, if Section 143.014(h) limits a hearing examiner's jurisdiction, that jurisdiction cannot be expanded by a City's failure or refusal to cite the section. *See City of Pasadena,* 292 S.W.3d at 21 ("[T]he City's failure to object to an incor-

rect citation cannot expand the jurisdiction of a hearing examiner, any more than it could expand the jurisdiction of a trial court."). Accordingly, when Section 143.014(h) applies, a hearing examiner cannot refuse to comply with it because it was not cited in the department head's written statement. Chief Melis's failure to cite Section 143.014(h) did not preclude the City's argument that because Kelley was an assistant chief, Section 143.014(h) did not provide authority for the examiner to temporarily suspend or demote him after finding the charges against him were true.

### 2. Examiner Jurisdiction When the Charges are True

■■ Had the hearing examiner found the charges against Kelley to be untrue, Section 143.014(h) required that Kelley be restored to his previous classification of commander. The logical corollary to that provision, according to the City, is that if the charges are found to be true, then the only permissible remedy must be to uphold whatever suspension was imposed. Kelley counters that the trial court and court of appeals correctly determined Section 143.014 is applicable only if the hearing examiner finds the charges to be untrue, while Section 143.053, providing for appeal of a disciplinary suspension, specifies a hearing examiner's authority if the charges are found to be true. We agree with Kelley.

Section 143.014(h) does not address what a hearing examiner may do if the charges are found to be true. While the Act provides that persons such as Kelley do not have civil service protection, it provides that if such a person is indefinitely suspended, "the person has the same rights and privileges of a hearing before the commission *in the same manner and under the same conditions as a classified employee.*" TEX. LOC. GOV'T CODE

§ 143.014(h) (emphasis added). When a classified employee appeals an indefinite suspension and the charges are found to be true, the Act affords a hearing examiner options as far as the discipline to be imposed. *Id.* § 143.053(e), (g). Nothing in the plain language of Section 143.014(h) or its context in the Act indicates that these options are not available when an assistant chief appeals. Further, the fact that the Legislature specifically restricted a hearing examiner's authority in the case of an assistant chief if the charges are found to be untrue, but not when the charges are found to be true, indicates that the exclusion of such a restriction was intentional. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 193 n. 20 (Tex.2007).

We conclude that Section 143.014(h) did not limit the hearing examiner's options with respect to disciplinary actions when he found the charges against Kelley to be true.

The City further argues that if Section 143.053 applies in this case, it limits a hearing examiner's options to permanently dismissing an indefinitely suspended officer if the charges are found to be true because a hearing examiner has no authority to reduce an indefinite suspension to a temporary suspension. The City relies on language in Section 143.053 that a hearing examiner "shall" state which specific provision applies in rendering the decision. TEX. LOC. GOV'T CODE § 143.053(e). It urges that because the context does not necessarily require a different construction and a different construction is not expressly provided for in the statute, the Legislature's use of the word "shall" imposes a duty on the examiner. *See* TEX. GOV'T CODE § 311.016(2). The City also argues that because Section 143.053(e) uses "or" in regard to a hearing examiner's disciplinary options, a hearing examiner has no

authority to combine disciplinary actions so the officer is both temporarily suspended *and* restored. TEX. LOC. GOV'T CODE § 143.053(e). Under the City's proposed construction, a hearing examiner has no authority to reduce an indefinite suspension to a temporary suspension because such action necessarily involves restoring an officer *and* imposing a temporary suspension. For reasons explained below, we disagree with the City's logic, although we ultimately agree that the Act does not authorize an officer to be both suspended and "restored."

Subchapter D of the Act authorizes two types of discipline: (1) voluntary discipline which an officer may agree to and accept and (2) involuntary discipline which may be imposed by the department head without regard to whether the officer agrees that discipline is warranted or that the discipline imposed is appropriate. Voluntary discipline includes demotion, *see* Section 143.054(e), suspension for a period of sixteen to ninety days, *see* Section 143.052(g), and uncompensated duty. *See id.* § 143.055(c). However, the Act provides for only one type of involuntary discipline that may be imposed by the department head: suspension for "a reasonable period not to exceed 15 calendar days or for an indefinite period." *Id.* § 143.052(b); *see also id.* § 143.054(a), (c) (providing that a department head can recommend to the commission that an officer be involuntarily demoted, but it is the commission that decides whether to demote the officer). A suspended officer does not receive pay and does not accrue other benefits during a suspension. *Id.* § 143.055(e).

The Act tightly structures disciplinary procedures, outcomes, and appeal processes. Involuntary discipline of an officer by the department head may be only for violation of a civil service rule. *Id.* § 143.052(b). If the department head does

not consider an offense serious enough to warrant imposing indefinite suspension—dismissal from the department—the only other option for involuntary discipline that the department head may impose is temporary suspension without pay for fifteen days or less. If an officer appeals from an involuntary disciplinary suspension, then the examiner hearing the appeal may suspend the officer only if the officer is found to have violated a civil service rule and only if the specific charges against the officer are found to be true. *Id.* § 143.053(g). The Act clearly defines the limits of two of the three decisions a hearing examiner is authorized to make: permanent dismissal or restoration to the officer's former classified position or status with back pay and benefits. *Id.* § 143.053(e). The boundaries of the third decision authorized—temporary suspension without pay—are not so easily discerned. *Id.* § 143.053(e)(2).

If Section 143.053(e)(2), which authorizes an examiner to impose a temporary suspension, is read in isolation, it does not impose any limit on the length of a temporary suspension an examiner is authorized to impose: "In its decision, the [hearing examiner] shall state whether the suspended fire fighter or police officer is ... temporarily suspended from the department." *Id.* § 143.053(e). But Section 143.053(e)(2) must be construed in context with the remainder of Subchapter D, and particularly with Section 143.052. *Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex.2004) ("We must read the statute as a whole and not just isolated portions."). Section 143.052(b) allows the department head to impose an involuntary suspension of fifteen days or less. Tex. Loc. Gov't Code § 143.052(b).

We see no language indicating the Legislature intended to allow an independent third party hearing examiner to impose a longer temporary disciplinary suspension than the department head could impose, other than the language of Section 143.053(e)(2) itself. And we do not believe construing the statute to grant such authority would yield the reasonable result the Legislature is presumed to intend. *See* Tex. Gov't Code § 311.021(3). For example, in this case the hearing examiner imposed a temporary suspension of 180 days. That is twelve times the length of the fifteen-day maximum involuntary suspension Chief Melis could have imposed on Kelley, and twice the ninety-day length of the maximum suspension on which the Act would have allowed Chief Melis and Kelley to agree. It takes little imagination to envision how suspending officers for lengthy and unpredictable time periods[5] could disrupt operations and schedules of police departments; not to mention the difficulties that allowing unfettered leeway to third party hearing examiners pose to department discipline and morale. Moreover, interpreting Section 143.053(e)(2) to allow suspensions without any time limits invites challenge of the Act as an improper delegation of legislative authority. *See City of Pasadena,* 292 S.W.3d at 18–19 (explaining that if a statute "does not bind hearing examiners to definite standards for reaching decisions and instead gives them broad latitude in determining not only factual disputes but the applicable law, they become not merely independent arbiters but policy makers, which is a legislative function").

■ We conclude that the Legislature intended Section 143.053(e)(2) to authorize a hearing examiner to temporarily suspend

---

5. For example, in *City of Laredo v. Leal,* 161 S.W.3d 558, 561 (Tex.App.-San Antonio 2004, pet. denied), a hearing examiner reduced an indefinite suspension to a 644–day temporary suspension.

an officer for a period of fifteen days or less. Thus, when the charges against officers are found to be true, Section 143.053(e) limits a hearing examiner's jurisdiction to imposing dismissal from the department, imposing a temporary suspension of fifteen days or less, or restoring the officer's former position or status in the department's classified service together with wages and benefits lost as a result of the suspension.

We next address the City's contention that the Act does not authorize a hearing examiner to reduce an indefinite suspension because this would allow a hearing examiner to both temporarily suspend and restore an officer. As indicated above, we disagree.

■ First, in the section entitled "Disciplinary Suspensions," the Act provides that a department head may suspend an officer for up to fifteen days or for an indefinite period. TEX. LOC. GOV'T CODE § 143.052(b). Although an indefinite suspension is equivalent to a dismissal from the department, under the Act it is nevertheless a "suspension," and the Act does not differentiate between an indefinite suspension and a suspension of fifteen days or less. *See id.* §§ 143.052, 143.053 (setting out the procedures related to a disciplinary suspension). The Act requires the hearing examiner to state whether a suspended officer is dismissed, temporarily suspended, or restored. *Id.* § 143.053(e). A dismissal has the same result as an indefinite suspension, yet the department head's authority for maximum discipline is labeled an indefinite suspension, not a dismissal. We presume the Legislature intended the different descriptions for the same substantive result to indicate a difference between the two situations. *See Kappus v. Kappus,* 284 S.W.3d 831, 835 (Tex.2009)

("We presume the Legislature chose its words carefully and intentionally."). That is accomplished by interpreting the phrase "indefinite suspension" to mean what it says it is: a suspension. The hearing examiner is specifically authorized to reduce a period of suspension, and the statute does not limit that authority to particular types or lengths of suspension.

Further, this Court has previously held that a civil service commission [6] could reduce an indefinite suspension to a temporary one. *Patton v. City of Grand Prairie,* 686 S.W.2d 108, 109 (Tex.1985); *see also Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956–57 (Tex.1984) ("The Commission is charged by law with discretion to set the penalty where it finds that the charges made by the Department Head are true."). The City asserts that the holding in *Patton* is no longer valid because after *Patton* was decided the civil service laws were amended, and such an option is no longer available. We do not agree. The Act applicable in *Patton* was Texas Revised Civil Statutes Article 1269m. Act of May 15, 1947, 50th Leg., R.S., ch. 325, 1947 Tex. Gen. Laws 550, *amended by* Act of May 3, 1951, 52d Leg., R.S., ch. 298, § 1, sec. 16, 1951 Tex. Gen. Laws 470, *repealed by* Act of May 1, 1987, 70th Leg., ch. 149, § 49(1), 1987 Tex. Gen. Laws 707, 1307. Section 16 pertained only to indefinite suspensions while Section 20 pertained to disciplinary suspensions of up to fifteen days. Section 16 allowed for an appeal from an indefinite suspension. Like the current statutory language, its language required the commission's decision to state whether an officer "shall" be permanently or temporarily dismissed or restored. The section allowed for the commission to reduce an

---

**6.** We are mindful of, but need not address in this case, the differing nondelegation concerns between the commission and independent third party hearing examiners.

indefinite suspension to a temporary suspension. *Patton*, 686 S.W.2d at 109. In 1983 when the Legislature amended the Act, it combined indefinite suspensions and temporary suspensions into one section and, in similar fashion to the current statute, did not differentiate between appeals from indefinite and temporary suspensions. Act of May 30, 1983, 68th Leg., R.S., ch. 420, §§ 7–9, sec. 16, 1983 Tex. Gen. Laws 2246, 2260–68 (repealed 1987). The statute again specified that in its decision the commission "shall" state whether the officer was permanently dismissed, temporarily suspended, or restored. Act of May 30, 1983, 68th Leg., R.S., ch. 420, § 7, sec. 16, 1983 Tex. Gen. Laws 2246, 2261 (repealed 1987). The Act was later nonsubstantively recodified to the current version at issue here. Act of May 1, 1987, 70th Leg., R.S., ch. 149, sec. 1, 1987 Tex. Gen. Laws 707, 910–917 (current version at TEX. LOC. GOV'T CODE § 143.053). Nothing in the current language of the statute or the legislative history indicates legislative intent to change the disciplinary options that were originally available to the commission in cases of indefinite suspensions.

▆▆▆▆ On the other hand, we agree with the City that the Act differentiates between a suspension and a restoration. A suspended officer cannot be paid or accrue benefits: "A police officer may not earn or accrue any wage, salary, or benefit arising from length of service while the person is suspended or performing uncompensated duty." TEX. LOC. GOV'T CODE § 143.055(e). When Section 143.053(f) is read in context with Section 143.055(e) and both are given meaning, the Legislature's intent when using the term "restored" in Section 143.053 becomes clearer. It references situations in which an officer is returned to duty without any suspension, and the return to duty is without any loss of pay or benefits:

If the commission finds that the period of disciplinary suspension should be reduced, the commission may order a reduction in the period of suspension. If the suspended fire fighter or police officer is restored to the position or class of service from which the person was suspended, the fire fighter or police officer is entitled to:

(1) full compensation for the actual time lost as a result of the suspension at the rate of pay provided for the position or class of service from which the person was suspended; and

(2) restoration of or credit for any other benefits lost as a result of the suspension, including sick leave, vacation leave, and service credit in a retirement system.

*Id.* § 143.053(f). Thus, the Act does not authorize a hearing examiner to both "restore" an officer while at the same time suspending the officer, even if the officer's suspension is reduced from that imposed by the department head.

In sum, the examiner did not exceed his jurisdiction by reducing Kelley's indefinite suspension. However, the temporary suspension imposed on Kelley was for 180 days. The Act does not authorize a hearing examiner to impose a temporary suspension of more than fifteen days, and the hearing examiner exceeded his jurisdiction by ordering a 180–day suspension.

## B. Back Pay and Benefits

▆▆▆ The City also asserts that the hearing examiner exceeded his authority by awarding Kelley back pay and benefits by directing that Kelley be "made whole subject to the normal principles of mitigation." The City argues that for persons who are categorized as directly beneath the department head, a back pay award under Section 143.014(h) is only authorized if the hearing examiner finds the charges

to be untrue. As we have previously noted, however, Section 143.014(h) does not address a hearing examiner's authority when the charges are found to be true, as they were in this case, so it is inapplicable.

The City next asserts that the hearing examiner had no authority to award Kelley back pay or lost benefits because back pay and benefits may only be awarded to an officer who is restored to the officer's previous rank or status, and Kelley was not. We agree that Section 143.053(f)(1) requires a restored officer to be compensated for the time lost as a result of the suspension: "If the suspended fire fighter or police officer is restored ... [the] officer is entitled to: (1) full compensation for the actual time lost as a result of the suspension ... and (2) restoration of or credit for any other benefits lost as a result of the suspension...." *Id.* The Act does not reference compensation for officers whose suspensions are reduced by a hearing examiner, but who are nevertheless disciplined by being suspended for some period of time. And the Act specifically limits an officer's compensation while suspended: "A police officer may not earn or accrue any wage, salary, or benefit ... while the person is suspended...." *Id.* § 143.055(e). Thus, the hearing examiner exceeded his jurisdiction by ordering back pay and benefits to the extent they were awarded for any time during which Kelley was suspended, but to the extent the hearing examiner's decision awarded Kelley back pay and benefits for the period after his temporary suspension, the examiner did not abuse his discretion.

## C. Demotion

■ The Act specifies that involuntary demotion can be recommended by the department head but must be accomplished by the commission. *Id.* § 143.054. Section 143.057 allows an officer to appeal a rec-

ommendation for demotion to a hearing examiner instead of the commission, but there is no provision in the statute authorizing a hearing examiner to demote an officer when the department head has not recommended a demotion.

The Act authorizes a hearing examiner to make a ruling comparable to demotion when charges against a person classified immediately below the department head are found to be untrue and the person must be restored to the last classified position. *Id.* § 143.014. But that action is not in the nature of a disciplinary demotion; it is in the nature of a "restoration" which requires the officer to be paid or credited for any wages and other benefits lost as a result of the suspension. *See id.* §§ 143.014(h), 143.053(f). Further, that action is specifically mandated by the Act. The procedure for demoting an officer in other situations is also specifically spelled out by the Act. The Act provides that the department head must recommend a demotion in writing to the commission. *Id.* § 143.054. The recommendation letter must include the reasons for the demotion and be furnished to the affected officer, and the commission shall give the officer written notice to appear for a public hearing. *Id.*

Here, Kelley was demoted to sergeant absent Chief Melis's recommendation and as part of discipline imposed by the examiner. That action was not authorized by the Act. The court of appeals concluded that the hearing examiner exceeded his jurisdiction by demoting Kelley. The parties agree with the court of appeals, and so do we.

## IV. Court Proceedings

### A. The Record on Appeal

Kelley points out that a non-prevailing party seeking to modify or vacate the examiner's award bears the burden to bring

a complete record on appeal that establishes its basis for relief. He urges that because the City failed to provide a transcript of the first day of the hearing as part of the record on appeal, the award of the hearing examiner must be affirmed. However, our conclusion that the City is entitled to relief is based on the fact that the hearing examiner exceeded his jurisdiction by the relief he granted. Our decision does not depend on evidence presented at the hearing or how it was conducted; it depends on the examiner's award. The presence or absence of part of the hearing transcript is not material to our decision, so we need not and do not address this contention.

## B. Attorney's Fees

■ Because we determine that (1) the hearing examiner exceeded his jurisdiction, (2) the court of appeals erred in failing to reverse the trial court's summary judgment in favor of Kelley, and (3) the case is to be remanded, we ordinarily would not reach and address the City's challenge to the trial court's award of attorney's fees and the court of appeals' judgment affirming the award. But because the matter is to be remanded for further proceedings, it is appropriate for us to address the question. *See Edinburg Hosp. Auth. v. Trevino,* 941 S.W.2d 76, 81 (Tex.1997) ("Although resolution of this issue is not essential to our disposition of this case, we address it to provide the trial court with guidance in the retrial...").

The City contends attorney's fees are recoverable only pursuant to statute or contract and the trial court had no authority to award attorney's fees to Kelley. We agree.

Section 143.015 of the Act provides that an officer may appeal a commission decision to district court. Tex. Loc. Gov't Code § 143.015. Section 143.057(j) pro-

vides for appeal of a hearing examiner's decision to district court. *Id.* § 143.057(j). The two appeal provisions are not linked, and the appeal procedures and review authority granted the district court in the two types of appeals are different. For example, appeal from a commission decision is for trial de novo, *see* section 143.015(b), while appeal from a hearing examiner's decision is limited to grounds that the examiner was without jurisdiction, exceeded his jurisdiction, or that the examiner's order was procured by fraud, collusion, or other unlawful means. *Id.* § 143.057(j). Section 143.015(c) specifies that in an appeal from a commission decision, the court may award attorney's fees to the prevailing party. *Id.* § 143.015(c). Kelley does not refer us to any part of the statute authorizing the trial court to award attorney's fees in an appeal from a hearing examiner's decision, and we find none. Absent statutory authority for the trial court to award attorney's fees, we hold the trial court erred in awarding them to Kelley and the court of appeals erred in affirming the award.

## V. Relief

■ The City asserts that because the hearing examiner exceeded his jurisdiction, the court of appeals should have vacated the award. Even though the court of appeals agreed that the hearing examiner exceeded his jurisdiction by demoting Kelley to sergeant, the court parsed the remaining parts of the examiner's decision and upheld other parts of the decision that it determined complied with the Act. 226 S.W.3d at 681. We disagree with that approach.

■ As we noted in *City of Pasadena,* 292 S.W.3d at 19, the statutory language in Section 143.057(j), allowing for an appeal from a hearing examiner's decision, is similar to the language regarding ap-

peals in the Texas General Arbitration Act. In an appeal from an arbitration award, if a portion of the award is invalid, the other portion will be unaffected only if the two parts are so distinct and independent that the valid part will truly express the judgment of the arbitrator. *Gulf Oil Corp. v. Guidry*, 160 Tex. 139, 327 S.W.2d 406, 409 (1959). But if an invalid portion is not severable and distinct so that the remaining valid part of the award truly expresses the arbitrator's judgment, the entire award is void. *Id.* We believe the same reasoning applies to an appeal from a hearing examiner's decision. If a portion of the hearing examiner's decision is void because the examiner exceeded his jurisdiction, as he did in this case, the entire decision is invalid unless the invalid portion is severable and distinct so that the valid portion still truly expresses the examiner's judgment. Here, we have no doubt that the invalidity of Kelley's 180-day suspension and demotion are not so independent from the remainder of the examiner's decision that the remainder of the decision truly expresses the examiner's judgment. The examiner's written decision makes it clear that he believed Kelley should be disciplined. If the hearing examiner's decision to set aside Kelley's indefinite suspension is upheld but Kelley's demotion and suspension are set aside, the result would be that Kelley suffered no discipline at all. That would not truly reflect the judgment of the examiner, so the entire decision must be vacated.

The City asserts that under *Kirkwood v. Corsicana*, 871 S.W.2d 544 (Tex.App.-Waco 1994, no writ), a new hearing should not be ordered because the hearing examiner no longer has jurisdiction. In *Kirkwood*, the court of appeals held that pursuant to Texas Local Government Code Section 143.053(b), a trial court's order remanding a matter to the commission for further proceedings was invalid because the commission did not have jurisdiction to take action on the matter more than thirty days after the commission received the officer's appeal. *See id.* at 546–47; *see also* Tex. Loc. Gov't Code § 143.053(b) (providing that the commission shall hold a hearing and render a decision in writing within thirty days after the date it receives an officer's notice of appeal). Because this case involves an appeal from a hearing examiner's decision, Section 143.053 and *Kirkwood* are inapplicable. Section 143.057(h) provides a thirty-day time requirement for a hearing examiner to render a decision, but it also says "[t]he hearing examiner's inability to meet the time requirements imposed by this section does not affect the hearing examiner's jurisdiction...." Tex. Loc. Gov't Code § 143.057(h). Therefore, a hearing examiner does not lose jurisdiction after thirty days, and remand for a new hearing is not precluded by that section, even if we were to apply *Kirkwood's* reasoning. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex.2009).

Further, when a commission decision is appealed to a district court, Section 143.015(b) specifies that the appeal is de novo and the district court "may grant the appropriate legal or equitable relief necessary to carry out the purposes of this chapter." Tex. Loc. Gov't Code § 143.015(b). Appeals from the decision of a hearing examiner are different. In an appeal from a hearing examiner's decision, the district court may hear an appeal only on the grounds that the examiner "was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means." *Id.* § 143.057(j). The statute does not specify that in considering an appeal from a hearing examiner's decision the district court may grant appropriate legal or equitable relief as it does for an appeal from a

commission decision; the statute simply does not address what type of relief may be granted. But it is clear that the Legislature intended for the hearing examiner's decision to be determinative of the officer's appeal, so in some instances the only reasonable relief is a new hearing. For example, if the examiner's decision was procured by fraud, collusion, or other unlawful means, then it is hard to see any proper relief other than the decision being vacated and a new hearing ordered. And as this case demonstrates, when part of the examiner's decision exceeds his jurisdiction, the true judgment of the hearing examiner might be negated by enforcing only part of the decision. Such results are not reasonable in light of the Act as a whole, and we do not attribute unreasonable intentions to the Legislature. *See* Tex. Gov't Code § 311.021(3). Accordingly, the appropriate remedy in situations such as this is for the hearing examiner's decision to be vacated and a rehearing to take place.

## VI. Conclusion

The judgment of the court of appeals is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.