September 24, 2010

The Honorable Frank J. Corte Jr.
Chair, Committee on Defense and
   Veterans' Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas   78768-2910

Opinion No.  GA-0802

Re:  Whether an abortion facility may use either a prerecorded telephone message or a one-way conference call to furnish the information required to be provided by section 171.012 of the Health and Safety Code   (RQ-0858-GA)

Dear Representative Corte:

You ask whether an abortion facility may use either a prerecorded telephone message or a one-way conference call to furnish the information required to be provided by section 171.012 of the Health and Safety Code.[1]

Section 171.011, Health and Safety Code, provides that "[a] person may not perform an abortion without the voluntary and informed consent of the woman on whom the abortion is to be performed." TEX. HEALTH & SAFETY CODE ANN. § 171.011 (West Supp. 2010). Section 171.012 directs that, "[e]xcept in the case of a medical emergency, consent to an abortion is voluntary and informed only if" certain procedures are followed. *Id.* § 171.012(a). The statute requires the following:

(1)  the physician who is to perform the abortion or the referring physician informs the woman on whom the abortion is to be performed of:

    (A)  the name of the physician who will perform the abortion;

    (B)  the particular medical risks associated with the particular abortion procedure to be employed, including, when medically accurate:

        (i)  the risks of infection and hemorrhage;

---

[1]Request Letter at 1(*available at* http://www.texasattorneygeneral.gov).

(ii)   the potential danger to a subsequent pregnancy and of infertility; and

(iii)   the possibility of increased risk of breast cancer following an induced abortion and the natural protective effect of a completed pregnancy in avoiding breast cancer;

(C)   the probable gestational age of the unborn child at the time the abortion is to be performed; and

(D)   the medical risks associated with carrying the child to term;

(2)   the physician who is to perform the abortion or the physician's agent informs the woman that:

(A)   medical assistance benefits may be available for prenatal care, childbirth, and neonatal care;

(B)   the father is liable for assistance in the support of the child without regard to whether the father has offered to pay for the abortion;

(C)   public and private agencies provide pregnancy prevention counseling and medical referrals for obtaining pregnancy prevention medications or devices, including emergency contraception for victims of rape or incest; and

(D)   the woman has the right to review the printed materials described by Section 171.014, that those materials have been provided by the Texas Department of Health and are accessible on an Internet website sponsored by the department, and that the materials describe the unborn child and list agencies that offer alternatives to abortion;

(3)   the woman certifies in writing before the abortion is performed that the information described by Subdivisions (1) and (2) has been provided to her and that she has been informed of her opportunity to review the information described by Section 171.014; and

(4)   before the abortion is performed, the physician who is to perform the abortion receives a copy of the written certification required by Subdivision (3).

*Id.*

The information that is to be furnished "under Subsections (a)(1) and (2) must be provided: (1) orally by telephone or in person; and (2) at least 24 hours before the abortion is to be performed." *Id.* § 171.012(b). You ask whether section 171.012(b) permits an abortion facility to transmit the information by means of a prerecorded telephone message or by a one-way conference call. Request Letter at 1.

Your question requires that we consider the meaning of the phrase "orally by telephone or in person." Our primary aim in interpreting a statute is to give effect to the intent of the Legislature. *State v. Shumake,* 199 S.W.3d 279, 284 (Tex. 2006). Courts, and by extension this office, must attempt "to give effect to all the words of a statute, treating none of its language as surplusage when reasonably possible." *Phillips v. Bramlett,* 288 S.W.3d 876, 880 (Tex. 2009). Moreover, we are to "examine the Legislature's words in context of the statute as a whole and not consider words or parts of the statute in isolation." *City of Waco v. Kelley,* 309 S.W.3d 536, 542 (Tex. 2010).

No statute or judicial opinion of which we are aware has defined the phrase "orally by telephone." When statutory terms are undefined, they are to be "read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (West 2005). It has been suggested that, because the word "oral" means "spoken" or "by word of mouth," the use of a prerecorded telephone message is a permissible means of fulfilling the statutory directive of subsection 171.012(b).[2] This view represents one plausible construction of the statutory text, but it is not the only plausible construction. When statutory language is ambiguous, as here, we look to the context in which that language is used. *Kelly,* 309 S.W.3d at 542. Because the relevant language must be read in the context of the statute as a whole, the phrase "orally by telephone or in person" could, in our view, be interpreted to require a live conversation between physician and patient, whether the conversation takes place by telephone or in person. If the statute requires a live, give-and-take encounter between physician and patient when the information is imparted "in person," it makes little sense to conclude that the Legislature did not intend to require a similar arrangement when the information is given "by telephone." The result of such a construction is to preclude the use of a prerecorded telephone message or a one-way conference call as a means of fulfilling the statutory requirement that information under section 171.012 be provided "orally by telephone or in person."

Furthermore, the Legislature has demonstrated that, when it wishes to permit the use of prerecorded information, it knows how to do so. In requiring open meetings training for public officials, for example, the relevant statute provides that "[t]he attorney general shall ensure that at least one course of training approved or provided by the attorney general is available *on*

---

[2]Texas courts rely on dictionaries to determine the meaning of terms not defined in statute. *See CenterPoint Energy Entex v. R.R. Comm'n of Tex.,* 208 S.W.3d 608, 619 (Tex. App.—Austin 2006, pet. dism'd). Every dictionary that we have consulted construes the word "oral" in the same manner. One dictionary, for instance, defines the word to mean "by word of mouth; spoken rather than written." THE NEW OXFORD AMERICAN DICTIONARY 1203 (2001). Another dictionary also defines "oral" as "[s]poken rather than written." AMERICAN HERITAGE DICTIONARY 1236 (4th ed. 2000). A third dictionary declares that "oral" means "[s]poken or uttered; not expressed in writing." BLACK'S LAW DICTIONARY 1205 (9th ed. 2009).

*videotape or a functionally similar and widely available medium* at no cost." TEX. GOV'T CODE ANN. § 551.005(b) (West Supp. 2010) (emphasis added). The absence of similar language in subsection 171.012(b) suggests a legislative intent that an abortion facility may not use a prerecorded telephone message or a one-way conference call to furnish the information required to be provided by section 171.012 of the Health and Safety Code. If the Legislature desired that such alternatives be available, it could have easily provided for them in the statute. It failed to do so here.

While the meaning of the statutory text is ambiguous, it is more likely than not that a court would construe the phrase "orally by telephone or in person" to mean that an abortion facility may not use either a prerecorded telephone message or a one-way conference call to furnish the information required to be provided to a patient by section 171.012 of the Health and Safety Code.

## S U M M A R Y

While the statutory text is ambiguous, a court would likely conclude that an abortion facility may not use either a prerecorded telephone message or a one-way conference call to furnish the information required to be provided to the patient by section 171.012 of the Health and Safety Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee