ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 30, 2012

Tim F. Branaman, Ph.D.
Chair, Texas State Board of Examiners
   of Psychologists
333 Guadalupe, Suite 2-450
Austin, Texas 78701

Opinion No. GA-0944

Re: Whether a mental health professional is required by chapter 261, Family Code, to report abuse or neglect that occurred during the childhood of a now-adult patient (RQ-1030-GA)

Dear Dr. Branaman:

You ask "[w]hether a mental health professional who is treating an adult patient must report any abuse or neglect, as those terms are defined in Chapter 261 of the Texas Family Code, that the mental health professional has cause to believe occurred during the adult patient's childhood."[1] You pose several additional questions about what information must be included in the report in the event we conclude that a report is required. *See* Request Letter at 1 (asking additional questions "if such a report is required").

Chapter 261 of the Family Code establishes the statutory requirements for reporting and investigating child abuse or neglect. *See generally* TEX. FAM. CODE ANN. §§ 261.001–.410 (West 2008 & Supp. 2011). Section 261.101 requires professionals with "cause to believe that a child has been abused or neglected or may be abused or neglected"[2] or is the victim of specified offenses, to make a report within 48 hours. *Id.* § 261.101(b) (West 2008); *see also id.* § 261.101(a) (requiring a person to immediately report a belief that a "child's physical or mental health or welfare has been adversely affected by abuse or neglect"). You suggest the term "child" in the phrase "a child that has been abused or neglected" is ambiguous and raises the question of whether under subsection 261.101(b) the professional's duty to report includes only an at-present child or extends to an individual who is now an adult but was a child when abused. *See* Request Letter at 1–3.

---

[1] Letter from Tim F. Branaman, Ph.D., Chair, Tex. State Bd. of Exam'rs of Psychologists, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Dec. 11, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2] *See* TEX. FAM. CODE ANN. § 261.001(1) (West Supp. 2011) (providing comprehensive definition of "abuse," including sexual abuse), 261.001(4) (defining "neglect"). Because the definition of abuse includes sexual abuse, we do not in this opinion separately discuss nonsexual abuse and sexual abuse.

When construing a statute, our objective is to determine and give effect to the Legislature's intent. *See City of Waco v. Kelley*, 309 S.W.3d 536, 542 (Tex. 2010). "We look first to the plain and common meaning of the statute's words." *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). And we determine legislative intent from the statute as a whole and not from isolated provisions. *See Kelley*, 309 S.W.3d at 542.

Based upon the plain language of the statute enacted by the Texas Legislature, the term "child" in subsection 261.101(b) is not ambiguous. The Legislature specifically defined the term "child" for purposes of chapter 261 as: "a person under 18 years of age who is not and has not been married or who has not had the disabilities of minority removed for general purposes." TEX. FAM. CODE ANN. § 101.003(a) (West 2008); *see also id.* § 101.001(a) (providing that definitions apply to Family Code, title 5, including chapter 261). As the Texas Supreme Court has explained, "If the Legislature provides definitions for words it uses in statutes, then we use those definitions . . . ." *Kelley*, 309 S.W.3d at 542. We thus conclude that the term "child" used in chapter 261 refers to a person who at-present satisfies the definition and is under eighteen.

Language in other provisions of chapter 261 supports the view that an at-present child is chapter 261's focus. Subsection 261.101(b) defines "professional" as "an individual who is licensed or certified by the state or who is an employee of a facility licensed, certified, or operated by the state and who, in the normal course of official duties . . . *has direct contact with children*." TEX. FAM. CODE ANN. § 261.101(b) (West 2008) (emphasis added). On its face, the term "children" here cannot be construed to include adults or former children, and instead can mean only those who are currently children. Further, subsequent uses of the term child in chapter 261 are preceded by the definitive article "the," which limits the term "child" to a definite or particular child. *See, e.g., id.* §§ 261.101(b) (providing that the reporting period commences "the hour the professional first suspects that the child has been or may be abused or neglected"), 261.104(1)–(2) (specifying that report of child abuse contain information pertaining to "the child"), 261.301(d) (stating that primary purpose of investigation of report of child abuse is the "protection of the child"), 261.302(a)–(c) (providing for conduct of investigation of "the child" and "the subject child"); *see also Town of Flower Mound v. Teague*, 111 S.W.3d 742, 764 (Tex. App.—Fort Worth 2003, pet. denied) ("'The' is a function word used to indicate that a following noun . . . is definite or has been previously specified by context or circumstance, or is a unique or particular member of its class."). Thus, to be consistent in meaning and use throughout chapter 261, the term "child" when used in subsection 261.101(b) must be construed as an at-present child. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002) ("Statutory terms should be interpreted consistently in every part of an act.").

For these reasons, we believe that the term "child" used in chapter 261 refers to only an at-present child. Accordingly, a professional is not required by subsection 261.101(b) to report the abuse or neglect the professional believes occurred during an adult patient's childhood. Because your additional questions are contingent upon an alternative conclusion, we need not address them.

## S U M M A R Y

Under subsection 261.101(b) of the Family Code, a professional is not required to report abuse or neglect that the professional believes occurred during an adult patient's childhood.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee