

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

November 7, 2016

The Honorable Wiley B. McAfee
District Attorney
33rd & 424th Judicial Districts
Post Office Box 725
Llano, Texas 78643

Opinion No. KP-0118

Re: Election questions related to ballot image storage, the production of tally lists by election judges, and remedies for the unauthorized exclusion of a poll watcher (RQ-0126-KP)

Dear Mr. McAfee:

You ask three questions regarding certain requirements related to various election procedures.[1] You first ask whether electronic voting systems must store "an image of the ballot that contains the items listed in Chapter 52 of the Election Code, including a number assigned to each individual ballot, the nature and date of the election, the designation of 'OFFICIAL BALLOT,' and a voting square to the left of the candidate's name." Request Letter at 2. Title 5 of the Election Code addresses "Election Supplies," and within that title, chapter 52, subchapter C, of the Election Code prescribes specific requirements for the form of an official ballot.[2] TEX. ELEC. CODE §§ 52.061–.075.

Title 8 of the Election Code addresses voting systems, and within that title, section 128.001 establishes computerized voting standards. *Id.* § 128.001(a). That section provides:

> The secretary of state shall prescribe procedures to allow for the use
> of a computerized voting system. The procedures must provide for
> the use of a computerized system with:

---

[1]*See* Letter from Honorable Wiley B. McAfee, Dist. Att'y, 33d & 424th Jud. Dists., to Honorable Ken Paxton, Tex. Att'y Gen. at 2–5 (Sept. 6, 2016) ("Request Letter"), https://www.texasattorneygeneral.gov/opinion/requests- for-opinion-rqs.

[2]Relevant to your request, ballots "shall be numbered consecutively beginning with the number '1'." TEX. ELEC. CODE § 52.062. "A designation of the nature of the election and the date of the election shall be printed at the top of the ballot." *Id.* § 52.063. "'OFFICIAL BALLOT' shall be printed in large letters on the ballot immediately below the designation and date of the election." *Id.* § 52.064. "A square for voting shall be printed to the left of each candidate's name on a ballot." *Id.* § 52.070(a).

(1) multiple voting terminals for the input of vote selections on the ballot presented by a main computer; and

(2) a main computer to coordinate ballot presentation, vote selection, *ballot image storage*, and result tabulation.

*Id.* (emphasis added). As you note, the Election Code does not define "ballot image." Request Letter at 2. The Secretary of State has defined "ballot image" in the computerized voting system context as "[e]lectronically produced records of all votes cast by a single voter."[3] You suggest that the term should be defined as "what the voter sees or reads when in the ballot booth casting a vote." *Id.* at 3.

This same question is the subject of pending litigation, which is currently before the Third Court of Appeals of Texas in *Pressley v. Casar*, No. 03-15-00368-CV (3d Ct. App. Tex. June 15, 2015).[4] In that election contest case, the appellant asserted at trial that a computerized voting system used by Travis County did not comply with section 128.001 of the Election Code because the system stored only cast vote records and not "images of the ballot presented to voters by the computerized voting system."[5] In response, appellee argued that the definition of ballot image did not require "any pixelated version of a physical ballot or that all parts of the actual ballot be retained, only an electronic representation of the vote on each ballot."[6] The district court granted appellee's no evidence motion for summary judgment, which appellant now challenges on appeal. *See* Appellant's Brief at 3–4. The first issue you raise in your request is therefore the subject of pending litigation, although a number of potential procedural avenues exist for the final resolution of that litigation. It is possible that in deciding this case, the Third Court of Appeals may not reach the issue of whether or to what extent electronic voting systems must store a ballot image. The court could remand the case back to the district court for further proceedings or could decide the appeal without directly addressing this question. However, until the litigation is finally resolved, your question regarding ballot images remains an open question that is the subject of pending litigation.

Declining to answer a question that is the subject of pending litigation is a long-standing policy of this agency. *See* Tex. Att'y Gen. Op. Nos. GA-0502 (2007) at 3–4, MW-205 (1980) at 1, V-291 (1947) at 5–6. This policy is based upon the fact that the ultimate determination of a

---

[3]*See* Brief of Lindsey Wolf, Gen. Counsel, Tex. Sec'y of State, to Honorable Ken Paxton, Tex. Att'y Gen. at 6 (Sept. 20, 2016) (on file with the Op. Comm.).

[4]The Third Court of Appeals heard oral arguments in this appeal on April 27, 2016.

[5]*See* Appellant's Brief at 21–22, *Pressley v. Casar*, No. 03-15-00368-CV (3d Ct. App. Tex. Sept. 16, 2015), http://www.search.txcourts.gov/Case.aspx?cn=03-15-00368-CV&coa=coa03.

[6]*See* Appellee's Brief at 27, *Pressley v. Casar*, No. 03-15-00368-CV (3d Ct. App. Tex. Jan. 15, 2016), http://www.search.txcourts.gov/Case.aspx?cn=03-15-00368-CV&coa=coa03.

law's applicability, meaning, or constitutionality is left to the courts. Attorney general opinions, unlike those issued by courts of law, are advisory in nature. *See* Tex. Att'y Gen. Op. No. GA-1003 (2013) at 1 ("The purpose of an attorney general opinion is to attempt to determine how Texas courts would rule on the legal question presented by the opinion request."). By contrast, court decisions are binding unless and until they have been modified or overturned by a higher court or until the law they construe has been amended. Court rulings themselves are a task that article V of the Texas Constitution confers on the courts as their primary role. *See* TEX. CONST. art. V, § 1 (vesting the "judicial power of this State" in the courts). Answering a specific question through an attorney general opinion that is pending with a court would usurp this constitutional structure. Consequently, when a legal matter is being litigated, the courts are generally the appropriate forum for resolving the issue, rather than this office through an advisory opinion. We therefore decline to answer your first question at this time and defer to the Third Court of Appeals' determination of this issue. If your question remains unresolved upon conclusion of the pending litigation, you may resubmit a request on this issue at that time.

In your second question, you ask whether the Election Code requires the election judge at each polling location to print, sign, and return to the county election officer a tally list and precinct returns "recording the number of votes for each candidate for early voting results" as is required for election-day results. Request Letter at 3. You specifically point to sections 65.004 and 65.005 of the Election Code, which require the maintenance and verification of tally lists "at the polling place to record the number of votes received for the candidates and for and against the measures voted on." *Id.* at 4; TEX. ELEC. CODE §§ 65.004, .005. You suggest that the "statutes do not distinguish between early voting and election day results," requiring a tally list at each stage. Request Letter at 4.

However, reviewing the Election Code as a whole reveals that the Legislature has established separate and distinct procedures for processing early voting returns and election-day returns. *See City of Waco v. Kelley*, 309 S.W.3d 536, 542 (Tex. 2010) (explaining that courts "examine the Legislature's words in context of the statute as a whole and [do] not consider words or parts of the statute in isolation"). Title 6 of the Election Code, titled "Conduct of Elections," contains the provisions you raise. *See* TEX. ELEC. CODE §§ 61.001–68.055; Request Letter at 4. Chapter 65 of that title establishes procedures for counting votes and preparing returns. *See* TEX. ELEC. CODE §§ 65.001–.060. Section 65.001 provides that "[a]t each polling place, the ballots shall be counted by one or more teams of election officers assigned by the presiding judge," and subsequent sections detail how and when the counting occurs. *Id.* § 65.001; *see also id.* §§ 65.002 ("Time for Counting"), 65.005 ("Tallying the Votes").[7] Once the election officers complete the vote count, "the presiding judge shall prepare the returns of the election for the precinct." *Id.* § 65.014(a). The presiding judge includes in those returns: "(1) the total number of voters who voted at the polling place . . .; and (2) the total number of votes counted for each candidate and for and against each measure." *Id.* § 65.014(b).

---

[7]Election judges are appointed for each election precinct in which an election is held. TEX. ELEC. CODE § 32.001(a).

Title 7 of the Election Code, titled "Early Voting," establishes separate procedures for casting and counting early voting ballots. *See id.* §§ 81.001–114.008. Within that title, the Legislature has provided that the "other titles of [the Election Code] apply to early voting except provisions that are inconsistent with [title 7] or that cannot feasibly be applied to early voting." *Id.* § 81.002. Chapter 87 of title 7 establishes procedures for processing early voting results. *Id.* §§ 87.001–.126. Section 87.001 creates early voting ballot boards "to process early voting results," and the Legislature has charged those boards with counting the early voting ballots and preparing the returns. *Id.* §§ 87.001, 87.061–.062. Unlike election judges who serve individual precincts, the early voting ballot board processes early voting results for the full territory served by the early voting clerk. *Id.* § 87.001.[8] Rather than have election officers at each polling place count the ballots and create tally lists and precinct returns, as occurs on election day, section 87.021 directs the early voting clerk to deliver the sealed ballot boxes to the early voting ballot board, along with keys to each box, for counting. *Id.* § 87.021(1); *cf. id.* § 65.001. The early voting ballot board is then required to "count the ballots and prepare the returns in accordance with the procedure applicable to paper ballots cast at a precinct polling place." *Id.* § 87.062(b). Section 85.032 provides that once an early voting ballot box is locked for use in an election, it "may not be unlocked except as provided" by the subtitle in the Election Code addressing early voting. *Id.* § 85.032(a). Because section 87.062 authorizes only the early voting ballot board to open the early voting ballot boxes, it is inconsistent with the election-day procedure in section 65.001, requiring the ballots to be counted at each individual polling place. Section 65.001 is therefore not applicable to early voting, and the early voting ballot board, rather than the election judge at each polling location, counts the ballots and prepares the returns. *Id.* § 81.002 (providing that provisions of other titles do not apply to title 7 if they are inconsistent with title 7).

In your final question, you ask what remedies exist "if an elections administrator excludes a poll watcher's access to any of the authorized activities provided in the Election Code." Request Letter at 4. Chapter 33 of the Election Code provides for the appointment of watchers "to observe the conduct of an election on behalf of a candidate, a political party, or the proponents or opponents of a measure." TEX. ELEC. CODE § 33.001; *see also id.* §§ 33.002–.005 (listing the specific individuals who may appoint watchers). Section 33.056 generally provides that "a watcher is entitled to observe any activity conducted at the location at which the watcher is serving."[9] *Id.* § 33.056(a). In addition, watchers may "observe the inspection and securing of [voting system] equipment in the jurisdiction of the authority responsible for distributing election supplies to the polling place at which the watcher is appointed to serve" and may accompany an election officer delivering election records. *Id.* §§ 33.059(a), .060(a).

---

[8]Depending on the nature of the election, the territory served by the early voting clerk may encompass a county, city, or another political subdivision. *Id.* §§ 83.002 ("County Clerk as Early Voting Clerk"), .005 ("Clerk for City Elections"), .007 ("Clerk for Other Elections").

[9]Subsection 33.057(b) makes one exception, providing that "[a] watcher may not be present at the voting station when a voter is preparing the voter's ballot or is being assisted by a person of the voter's choice." *Id.* § 33.057(b).

Section 33.061 of the Election Code makes it a Class A misdemeanor for a person serving in an official capacity at a location at which the presence of watchers is authorized to prevent a watcher from observing an activity the watcher is entitled to observe. *Id.* § 33.061. In addition to this criminal provision aimed at preventing unlawful obstruction of watchers, title 14 of the Election Code establishes procedures for an election contest.[10] *Id.* §§ 221.001–243.013. In such proceedings, the relevant tribunal hearing the contest must ascertain whether the outcome of the election is inaccurate due to "an election officer or other person officially involved in the administration of the election: (A) prevent[ing] eligible voters from voting; (B) fail[ing] to count legal votes; or (C) engag[ing] in other fraud or illegal conduct[.]" *Id.* § 221.003(a). If the tribunal "cannot ascertain the true outcome of the election," it "shall declare the election void" and order a new election. *Id.* § 221.012(b); *see also id.* § 221.014(a) (allocating costs of a new election ordered by a tribunal).

---

[10]Chapter 221 does not apply to "(1) a general or special election for the office of United States senator or United States representative; (2) an election on a measure that is for advisory purposes only; or (3) a presidential primary election." *Id.* § 221.001.

## S U M M A R Y

Through title 7 of the Election Code, the Legislature has established separate procedures for counting the ballots and processing early voting returns. Section 87.021 of the Election Code requires that early voting clerks deliver secure ballot boxes to the early voting ballot board. Section 87.062 then requires the early voting ballot board to count the ballots and prepare returns.

Section 33.061 of the Election Code makes it a Class A misdemeanor for a person serving in an official capacity at a location at which the presence of watchers is authorized to prevent a watcher from observing an activity the watcher is entitled to observe. Title 14 of the Election Code establishes procedures for an election contest if the true outcome of the election is in dispute due to an election officer or other person officially involved in the administration of the election: (A) preventing eligible voters from voting; (B) failing to count legal votes; or (C) engaging in other fraud or illegal conduct.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee