ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 26, 2010

Mr. Robert Scott
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0794

Re: Whether section 11.1513 of the Education Code prohibits a school superintendent to whom final selection of personnel is delegated from employing persons related to trustees of his district (RQ-0842-GA)

Dear Mr. Scott:

You ask several questions related to whether subsection 11.1513(f) of the Education Code, when read in conjunction with section 573.041 of the Government Code, prohibits school districts from employing relatives of members of a school district board of trustees when the board has delegated final authority for selection of personnel to the district superintendent.[1]

Chapter 573 of the Government Code regulates the appointment or employment of a public official's close relatives to positions within the official's appointment or confirmation authority. *See* TEX. GOV'T CODE ANN. §§ 573.001(3), .041, .061 (Vernon 2004). Section 573.041 of the Government Code states:

> A public official may not appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment of an individual to a position that is to be directly or indirectly compensated from public funds or fees of office if:
>
> (1)  the individual is related to the public official within a degree described by Section 573.002[2]; or

---

[1]Request Letter at 1–2 (*available at* http://www.texasattorneygeneral.gov).

[2]Section 573.002 generally describes the individuals affected by section 573.041 as those with "relationships within the third degree by consanguinity or within the second degree by affinity" of a public official. TEX. GOV'T CODE ANN. § 573.002 (Vernon 2004).

> (2)   the public official holds the appointment or confirmation authority as a member of a state or local board, the legislature, or a court and the individual is related to another member of that board, legislature, or court within a degree described by Section 573.002.

*Id.* § 573.041 (footnote added).[3]

As you note, in 2003, this office explained that under the nepotism laws then in place, "a member of a school board that has delegated to the superintendent final authority for personnel selection is not a public official with appointment authority for purposes of section 573.041." Tex. Att'y Gen. Op. No. GA-0123 (2003) at 3. Attorney General Opinion GA-0123 therefore concluded that a superintendent could employ a relative of a board member if the superintendent had been delegated final authority to select personnel. *Id.* Subsequently, the Legislature enacted subsection 11.1513(f) of the Education Code, which states:

> If, under the employment policy, the board of trustees delegates to the superintendent the final authority to select district personnel:
>
> (1)   the superintendent is a public official for purposes of Chapter 573, Government Code, only with respect to a decision made under that delegation of authority; and
>
> (2)   each member of the board of trustees remains subject to Chapter 573, Government Code, with respect to all district employees.

TEX. EDUC. CODE ANN. § 11.1513(f) (Vernon Supp. 2009).

You first ask "whether, after the enactment of Section 11.1513(f), a superintendent to whom final selection of personnel is delegated continues to have the discretion to employ persons related to board members as [this office] concluded in GA-0123." Request Letter at 1. You explain that "it appears that the intended purpose of Section 11.1513(f) was to prohibit a superintendent from selecting for employment a person who is related to a member of the board of trustees if the board would be prohibited under Chapter 573, Government Code" from doing so. *Id.* However, due to the specific language of Government Code section 573.041, "a question has been raised as to whether the prohibition . . . might not apply" to a school district's superintendent. *Id.* Your question arises because a superintendent, as the public official with final authority to select personnel in a school district, "is not 'a member of a state or local board' as contemplated by Subsection 573.041(2)." *Id.*

---

[3]Section 573.061 of the Government Code establishes certain exceptions to the application of this rule, including certain school district's appointment of bus drivers and the employment of substitute teachers. *Id.* § 573.061(4), (6).

In construing statutes, our primary objective is to ascertain and give effect to the Legislature's intent. *Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex. 2009). We give effect to the legislative intent as it is expressed by the plain meaning of words used in the statute unless the context necessarily requires a different construction. *City of Waco v. Kelley*, 309 S.W.3d 536, 542 (Tex. 2010). We must examine the Legislature's words in context of the statute as a whole and not consider words or parts of the statute in isolation. *Id.*

You are correct that a superintendent does not hold "appointment or confirmation authority as a *member* of a state or local board." *See* TEX. GOV'T CODE ANN. § 573.041(2) (Vernon 2004) (emphasis added). A superintendent is not a school board member. Thus, when read in isolation, it may appear that section 573.041 does not prohibit a superintendent, who has been delegated final authority for personnel selection, from employing a relative of a school board member. However, when analyzing this provision from the perspective of a school district superintendent, section 573.041 must not be read in isolation, but instead must be read in conjunction with section 11.1513(f) of the Education Code. By enactment of section 11.1513(f), the Legislature made it clear that "each member of the board of trustees remains subject to Chapter 573, Government Code, with respect to *all district employees*" even when the board "delegates to the superintendent the final authority to select district personnel." TEX. EDUC. CODE ANN. § 11.1513(f)(2) (Vernon Supp. 2009) (emphasis added).

If a board has delegated final authority to select district personnel to the superintendent, its members will not be in the position of appointing, voting for, or confirming individuals for employment. *Cf. Hurley v. Tarrant County*, 232 S.W.3d 781, 789 (Tex. App.—Fort Worth 2007, no pet.) (explaining that because a county civil service commission has "final authority" over the decision to demote, suspend or terminate an employee, "[n]o other county official or body has authority over the commission's employment decisions"). Thus, the only meaning to be derived from subsection 11.1513(f)(2) is that, despite the board's delegation, relatives of board members continue to be prohibited from employment, implicitly prohibiting the superintendent from employing them. It is presumed that the Legislature, in adopting amendments to statutes, intended to make some change in the existing law. Tex. Att'y Gen. Op. No. GA-0395 (2006) at 4 (citing *Am. Sur. Co. of N.Y. v. Axtell Co.*, 36 S.W.2d 715, 719 (Tex. 1931)). Prior to the Legislature's enactment of subsection 11.1513(f)(2), this office interpreted the law to allow superintendents with final authority for personnel selection to hire the relative of a board member. Tex. Att'y Gen. Op. No. GA-0123 (2003) at 3. Therefore, interpreting section 573.041 of the Government Code to allow superintendents with final authority for personnel selection to hire the relative of a board member would render the Legislature's subsequent enactment of subsection 11.1513(f)(2) unnecessary. By amending the statute, it is clear that the Legislature intended to change the law, and we must give meaning to this change. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 681 (Tex. 1979) ("It is apparent in amending the statute, the legislature intended some change in the existing law, and this court will endeavor to effect the change."). Thus, pursuant to Education Code section 11.1513(f), the Legislature has generally prohibited a school district, either through its board of

trustees or superintendent to whom final selection of personnel is delegated, from employing persons related to board members within the degrees described in chapter 573 of the Government Code.[4]

You next ask whether the limitation "applies only if the district or the majority of the territory of the district is located in a county with a population of at least 35,000." Request Letter at 2. When it adopted section 11.1513(f), the Legislature made an exception for school districts located in smaller counties:

> Subsection (f) does not apply to a school district that is located:
>
> (1)    wholly in a county with a population of less than 35,000;
> or
>
> (2)    in more than one county, if the county in which the largest portion of the district territory is located has a population of less than 35,000.

TEX. EDUC. CODE ANN. § 11.1513(g) (Vernon Supp. 2009). Based on the plain language of this statute, it seems apparent that the Legislature intended to avoid applying the restrictions found in subsection (f) to those school districts described in subsection (g). Thus, subsection 11.1513(f) of the Education Code and section 573.041 of the Government Code do not prohibit a superintendent who has been delegated final authority for personnel selection and whose school district is located in an area described by subsection 11.1513(g) from employing a relative of a member of the school district board of trustees.

Your final question asks whether a violation of the nepotism prohibition in section 573.041 "subjects the superintendent to penalties under Subchapter E, Chapter 573, Government Code and whether such a violation by the superintendent subjects members of the board to penalties under Subchapter E, Chapter 573, Government Code, even though the board did not make the employment decision." Request Letter at 2. Under subchapter E, "[a]n individual who violates [the nepotism prohibitions] shall be removed from the individual's position" and "commits an offense involving official misconduct . . . punishable by a fine not less than $100 or more than $1,000." TEX. GOV'T CODE ANN. §§ 573.081(a) (Vernon 2004) ("Removal in General"), 573.084(a)–(b) ("Criminal Penalty").

---

[4]Multiple state organizations interpreting section 11.1513 of the Education Code have similarly concluded that a superintendent would be prohibited from employing persons related to board members within the degrees of affinity and consanguinity described in chapter 573 of the Government Code. *See* TEXAS ASS'N OF SCH. BDS., LEGAL SERVICES, "Conflicts of Interest: Nepotism" at 2–3 (July 2008), *available at* http://www.tasb.org/services/legal/documents/conflict_int_nepotis.pdf (last visited Aug. 16, 2010); TEXAS EDUC. AGENCY, OFFICE OF LEGAL SERVICES, "School Board Questions", *available at* http://ritter.tea.state.tx.us/legal/schoolboard.html ("Even if a school board does not approve a staff appointment, the nepotism law would still apply to the school board because the board has authority to approve or disapprove an appointment even if it doesn't actually do so.") (last visited Aug. 16, 2010).

With respect to a superintendent who has been delegated final authority to select district personnel, the Legislature has defined that position as "a public official for purposes of Chapter 573, Government Code, only with respect to a decision made under that delegation of authority." TEX. EDUC. CODE ANN. § 11.1513(f)(1) (Vernon Supp. 2009). Under section 573.041, "[a] public official may not appoint, confirm the appointment of, or vote for the appointment or confirmation of the appointment of an individual if . . . the public official holds the appointment or confirmation authority as a member of a state or local board, the legislature, or a court and the individual is related to another member of that board, legislature, or court within a degree described by Section 573.002." TEX. GOV'T CODE ANN. § 573.041 (Vernon 2004). We have concluded above that Education Code subsection 11.1513(f)(2) and Government Code section 573.041 prohibit a school district, either through its board of trustees or superintendent to whom final selection of personnel is delegated, from employing relatives of the school board.

However, as we noted above, a superintendent does not hold "appointment or confirmation authority as a *member* of a state or local board." *See id.* § 573.041(2) (emphasis added). We believe a superintendent with final hiring authority could read Education Code subsection 11.1513(f)(2) and Government Code section 573.041 and reasonably conclude that the provisions do not apply specifically to the superintendent.

Whether the school board members are subject to penalties when they did not make the employment decision is a separate question but raises a similar concern. In amending subsection 11.1513(f), the Legislature stated that "each member of the board of trustees remains subject to Chapter 573, Government Code, with respect to all district employees." TEX. EDUC. CODE ANN.§ 11.1513(f)(2) (Vernon Supp. 2009). Such language could be interpreted to mean that the nepotism provisions, including the criminal penalties, continue to apply to board members even if they delegate to the superintendent final authority to select district personnel. However, a public official is subject to the nepotism penalties only by appointing, confirming the appointment of, or voting for the appointment or confirmation of an individual unauthorized to hold the employment. TEX. GOV'T CODE ANN. § 573.041 (Vernon 2004). If the board of trustees has delegated final authority to select district personnel to the superintendent, as the Legislature has expressly authorized it to do, then the board members will not be appointing, confirming the appointment of, or voting for the appointment of employees of the district, as required in order for the nepotism penalties to apply. TEX. EDUC. CODE ANN. § 11.1513(a)(2) (Vernon Supp. 2009); *see also* Tex. Att'y Gen. Op. No. JC-0184 (2000) at 2 (concluding that because a board member abstained from voting on the appointment of her spouse, she had not violated section 573.041, although the board members voting in favor of his appointment did violate that provision); *cf.* Tex. Att'y Gen. Op. No. O-793 (1939) at 3 (concluding that a board member who voted against the appointment of a person related to another board member "would not be liable to prosecution" if the other members of the board appointed the unauthorized individual).

It is a long-settled rule of law that a penal statute "must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties." *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926). Considering the lack of clarity in these provisions, we refrain from concluding that a superintendent to whom final selection of personnel

is delegated and who hires a board member's relative will be subject to the penalties of subchapter E, chapter 573 of the Government Code. Similarly, we refrain from concluding that school board members that have delegated final hiring authority to the superintendent could be subject to the nepotism penalties when they did not appoint, confirm the appointment of, or vote for the appointment or confirmation of an individual unauthorized to hold the employment with the district. If the Legislature intends otherwise, it may expressly amend the statute to so provide.

## S U M M A R Y

Pursuant to subsection 11.1513(f) of the Education Code, the Legislature has generally prohibited a school district, either through its board of trustees or its superintendent to whom final selection of personnel is delegated, from employing persons related to members of the school district's board of trustees within the degrees described in chapter 573 of the Government Code.

Pursuant to Education Code subsection 11.1513(g), a superintendent who has been delegated final authority for personnel selection may employ a relative of a member of the school district board of trustees if the superintendent's school district is located: (1) wholly in a county with a population of less than 35,000; or (2) in more than one county, if the county in which the largest portion of the district is located has a population of less than 35,000.

Under chapter 573 of the Government Code, criminal penalties may be imposed on a public official who appoints, confirms the appointment of, or votes for the appointment or confirmation of the appointment of an individual if the public official holds the appointment or confirmation authority as a member of a state or local board, the legislature, or a court and the individual is related to another member of that board, legislature, or court within a degree described by section 573.002. Section 11.1513(f) of the Education Code is not clear as to whether the criminal penalties would apply to a superintendent with final hiring authority or to board members that delegated that final authority. Due to the long-settled rule of law that a penal statute must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, we refrain from concluding that the superintendent or the board members could be subject to these penalties. If the Legislature intends otherwise, it may expressly amend the statute to so provide.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee