Reversed and Remanded and Memorandum
Opinion filed January 27, 2011

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00239-CV



City of Houston
and cHARLES MCCLELLAND, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE
hOUSTON POLICE DEPARTMENT,
Appellants[1]

v.

Darrell H.
Strouse, Appellee



On Appeal from
the 164th District Court

Harris County, Texas

Trial Court
Cause No. 2004-71559



 

MEMORANDUM OPINION 

            This
appeal is from a final order signed December 28, 2009, granting Appellee’s
Motion for Summary Judgment.  Through that summary judgment order, the trial
court determined “the hearing examiner was not within his authority and jurisdiction
to order the demotion of [Appellee].”  Further, the trial court’s summary
judgment order revised the hearing examiner’s award.  The trial court denied
Appellants’ motion for reconsideration by written order on January 28, 2010,
and motion for new trial by written order on February 18, 2010.  

            On
February 19, 2010, the Texas Supreme Court decided City of Waco v. Kelley,
309 S.W.3d 536 (Tex. 2010).  In Kelley, the
Texas Supreme Court determined that the appropriate remedy when a third-party
hearing officer exceeds her jurisdiction is to vacate the decision and order a
rehearing because of the scope of review authorized under Section 143.057(j) of
the Texas Local Government Code.  Id. at 550–51.[2]


On March 1, 2010, after the Kelley decision and
after the trial court signed orders resolving both the outstanding motions
for reconsideration and for new trial, Appellants filed a motion for
reconsideration of their motion for new trial in light of Kelley.  In
his response, Appellee requested that the trial court grant Appellant’s motion
to reconsider.  Thus, it is clear from the record that the trial court did not
make any rulings in light of the Kelley decision.

            On
appeal, Appellants and Appellee agree that the trial court’s summary
judgment order must be reversed in light of City of Waco v. Kelley.  They
do not agree, however, on whether this court should include specific
instructions in an opinion reversing the trial court’s judgment.  Appellee asks
this Court to order the trial court to remand the case to the hearing
examiner.  Appellants suggest this Court instruct the trial court that it does
not have jurisdiction to remand to the hearing examiner.  

            This
Court declines both invitations to supplant the trial court’s initial
determination of the appropriate course under City of Waco v. Kelley.  The
decision of the trial court granting summary judgment is reversed and the case
is remanded to the trial 








court
for proceedings consistent with this opinion.

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.









[1]
Charles McClelland was appointed Chief of Police of the Houston Police
Department on April 14, 2010.  Therefore, pursuant to Rule 7.2 of the Texas
Rules of Appellate Procedure, McClelland, in his official capacity as Chief of
Police of the Houston Police Department, is substituted as a party in this
appeal.  See Tex. R. App.
P. 7.2.





[2]
Tex. Loc. Gov’t Code Ann. §
143.057(j) (West 2008).