January 4, 2011

The Honorable Jo Anne Bernal
El Paso County Attorney
500 East San Antonio, Room 503
El Paso, Texas 79901

Opinion No. GA-0831

Re: Whether chapter 161 of the Local
Government Code is applicable to the District
Attorney of the 34th Judicial District and staff
(RQ-0865-GA)

Dear Ms. Bernal:

You seek our opinion on two questions involving provisions of the Local Government Code[1] authorizing certain counties to create a county ethics commission. *See* TEX. LOC. GOV'T CODE ANN. §§ 161.001 (providing that chapter 161 is applicable only to a county with a population of 650,000 or more, that is located on the international border, and that had a county ethics board before September 1, 2009), 161.051(a) (West Supp. 2010) (authorizing a county commissioners court to create, by order, a county ethics commission); *see also* Tex. Att'y Gen. Op. No. GA-0817 (2010) at 1–2 (discussing chapter 161). Section 161.101 requires a county ethics commission created under chapter 161 to "adopt, publish, and enforce an ethics code governing county public servants." TEX. LOC. GOV'T CODE ANN. § 161.101(a) (West Supp. 2010). You tell us that the El Paso County Commissioners Court has created the El Paso County Ethics Commission (the "Commission"), and indicate that the Commission has adopted the El Paso County Code of Ethics. Request Letter at 1 (referring to the "El Paso County Code of Ethics"); Brief at 1. You inquire whether the District Attorney of the 34th Judicial District ("District Attorney"), and his or her staff, are subject to the El Paso County Code of Ethics. *See* Request Letter at 1; Brief at 1.

A county ethics code adopted under chapter 161 is applicable to "county public servants." TEX. LOC. GOV'T CODE ANN. § 161.101(a) (West Supp. 2010). Chapter 161 defines a "county public servant" to mean

> a person elected, selected, appointed, employed, or otherwise
> designated as one of the following . . . :
>
> (A) a county officer or county employee;

---

[1] Request Letter at 1 [hereinafter Request Letter], and attached brief at 1 [hereinafter Brief] (*available at* http://www.texasattorneygeneral.gov).

> (B)    a person appointed by the commissioners court or a
> county officer to a position on one of the following, whether the
> position is compensated or not:
>
>> (i)    an authority, board, bureau, commission, committee,
>> council, department, district, division, or office of the
>> county; or
>>
>> (ii)   a multi-jurisdictional board;
>
> (C)    an attorney at law or notary public when participating in
> the performance of a governmental function;
>
> (D)    a candidate for nomination or election to an elected county
> office; or
>
> (E)    a person who is performing a governmental function
> under a claim of right although the person is not legally
> qualified or authorized to do so.

*Id.* § 161.002(8). You pose the question of whether a district attorney could be subject to a chapter 161 county ethics code under subsection 161.002(8)(C) as a "person elected, selected, appointed, employed, or otherwise designated" as "an attorney at law or notary public when participating in the performance of a governmental function." Brief at 3; *see* TEX. LOC. GOV'T CODE ANN. § 161.002(8)(C) (West Supp. 2010). We therefore limit our analysis to a construction of subsection 161.002(8)(C).

The cardinal rule in construing statutes is "to ascertain and give effect to the Legislature's intent." *Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex. 2009). When possible, courts discern that intent from the plain meaning of the words used in the statute. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). "This general rule applies unless enforcing the plain language of the statute as written would produce absurd results." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) (citing *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999)). The meaning of statutory language is considered in context, not in isolation. *City of Waco v. Kelley*, 309 S.W.3d 536, 542 (Tex. 2010).

Subsection 161.002(8)(C) includes within its definition of a "county public servant" an "attorney at law . . . when participating in the performance of a governmental function." TEX. LOC. GOV'T CODE ANN. § 161.002(8)(C) (West Supp. 2010). On its face, the language of subsection 161.002(8)(C) could be read to include *any* attorney at law in *any* state or federal jurisdiction performing *any* governmental function. *See id.* However, chapter 161 applies to only a county as specified. *See id.* § 161.001 ("This chapter applies only to a *county* that . . . .") (emphasis added).

Given that focus, subsection 161.002(8)(C) is appropriately viewed as having the same county limitation such that it refers to the performance of a *county* governmental function. We therefore construe subsection 161.002(8)(C) to refer to an attorney at law when participating in the performance of a county governmental function.

Absent a definition of "governmental function" in chapter 161, we cannot speculate on all of the various activities that may constitute a county governmental function. We can, however, advise you that when and to the extent a district attorney or an attorney employed by a district attorney participates in the performance of a county governmental function, he or she would be subject to a code of ethics adopted pursuant to chapter 161.

With respect to the non-attorney staff of a district attorney, because they are not attorneys at law, they are not within the scope of "county public servant" under subsection 161.002(8)(C). In addition, the non-attorney members of the staff are not "*county* employees" under chapter 161 because they are employed by the district attorney.[2] Accordingly, members of the staff of a district attorney are not themselves subject to a code of ethics enacted under chapter 161.

In sum, the District Attorney of the 34th Judicial District and his or her attorneys would be subject to the El Paso County Code of Ethics when and to the extent that they participate in the performance of a county governmental function. The non-attorney staff members of the District Attorney are not subject to the El Paso County Code of Ethics.

---

[2]We recognize that generally a county provides some funds for the operation of a district attorney's office and has some monetary authority over the salaries of a district attorney's personnel. *See* TEX. GOV'T CODE ANN. § 41.106(a) (West 2004) (providing that a district attorney fixes the salaries of his or her personnel subject to the approval of the commissioners court of the county or counties composing the district), *id.* § 41.101 (defining "prosecuting attorney" to include a district attorney). For purposes of chapter 161, however, we believe that a district attorney employs his or her staff. *See id.* § 41.102(a) (West Supp. 2010) ("A prosecuting attorney may *employ* . . . .") (emphasis added); *see State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 929 (Tex. Crim. App. 1994) (recognizing, despite county's funding obligations, district attorney's authority over hiring and employing of office personnel).

## S U M M A R Y

A county ethics code adopted under chapter 161, Local Government Code, applies to "county public servants." The term county public servant includes attorneys at law when participating in the performance of a county governmental function. Accordingly, when and to the extent the District Attorney of the 34th Judicial District and his or her attorneys participate in the performance of a county governmental function, they are county public servants subject to the El Paso County Code of Ethics. Because they are not county public servants, the non-attorney staff members of the District Attorney are not subject to the El Paso County Code of Ethics.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee