**Lt. Kenneth MILLER, Appellant,**

v.

**CITY OF HOUSTON and Harold Hurtt, Appellee.**

No. 14–08–01018–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 23, 2010.

Kimbra Kathryn Ogg, R. Scott Poerschke, Houston, for appellant.

Timothy J. Higley, Houston, for appellee.

Panel consists of Chief Justice HEDGES, Justice ANDERSON, and Senior Justice MIRABAL.*

**OPINION**

MARGARET GARNER MIRABAL, Senior Justice (Assigned).

In this case arising from the disciplinary actions taken against a police officer, we are asked if an independent hearing examiner exceeded his jurisdiction in effectively reducing an indefinite suspension to a 92–day suspension. Because the hearing examiner was not authorized to impose a suspension of more than fifteen days, we

reverse the trial court's judgment and remand the case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2006, a coworker alleged that Lieutenant Kenneth Miller of the City of Houston Police Department had sexually harassed her. Based on the investigation of the allegations and on his determination that Miller was untruthful during the investigation, Chief of Police Harold L. Hurtt indefinitely suspended Miller on March 8, 2007. Hurtt concluded that Miller had violated specific provisions of General Order 200–08, dated September 28, 2005, addressing officers' "personal conduct," "sound judgment," "truthfulness," "obedience to laws and rules," and "supervisory conduct."

Miller filed a timely appeal to an independent hearing examiner, and the case was heard by Richard F. Dole Jr., who issued a written decision on June 7, 2007. Dole's ruling is divided into four sections labeled "Background," "Positions of the Parties," "Analysis," and "Decision." The conclusion of the Analysis section and the complete Decision section are as follows:

> During the hearing both parties emphasized that the Ap[p]ellant's truthfulness was of major concern. In resolving that concern, the Chief's letter indicates that the Chief gave significant weight to the polygraph examination and to the polygraph examiner's report.... However, the record in this proceeding establishes that both the examination process and the examination report are not entitled to significant weight. Just cause was not shown for the Appellant's indefinite suspension. However, the award of back pay and lost benefits are not warranted by the hearing record.
>
> IV. DECISION

---

* Senior Justice Margaret Garner Mirabal sitting by assignment.

(1) The Appellant's indefinite suspension is vacated.

(2) The City is to restore the Appellant's employment.

(3) The parties are to pay the expenses of this proceeding as provided by Texas law.

Miller appealed the decision to a Harris County district court, naming Hurtt and the City of Houston (collectively, "the City") as defendants. As relevant to this appeal, Miller alleged that the hearing examiner, having held that Miller be restored to his employment, lacked or exceeded jurisdiction to exclude Miller's recovery of back pay and lost benefits. *See* Tex. Loc. Gov't Code Ann. § 143.1016(j) (Vernon 2008).

The City filed an original and a first amended plea to the jurisdiction. On the day the plea was heard, Miller filed a first amended petition asserting additional claims for declaratory relief. Five days later, the City filed a second amended plea to the jurisdiction in which it asserted that Miller's suit was not timely filed, and the trial court granted Miller leave to file a second amended petition. Before the second amended plea was heard, however, the trial court granted the City's first amended plea to the jurisdiction and dismissed all of Miller's claims. This appeal timely ensued.

## II. Issues Presented

Miller presents five issues for review. In his first issue, he argues that the district court erred in granting the City's plea to the jurisdiction because jurisdiction over the parties and the subject matter of this cause of action is proper under Texas Local Government Code section 143.1016(j). Because this issue is dispositive of the appeal, we do not reach Miller's remaining issues. *See* Tex.R.App. P. 47.1.

## III. Standard of Review

■ A trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the issues before it because if it lacks jurisdiction over the subject matter of the case, its judgment is void. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004) (citing *Austin & N.W.R. Co. v. Cluck*, 97 Tex. 172, 77 S.W. 403, 405 (1903)); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985) (per curiam). Whether a trial court has jurisdiction is a question of law that we review de novo. *Id.* Where, as here, a plea to the jurisdiction challenges the pleadings, we construe the pleadings liberally in the pleader's favor and look to the pleaders' intent when determining if the facts alleged affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993)).

## IV. Analysis

### A. Applicable Law

■ Fire fighters and police officers employed by municipalities covered by the Civil Service Act, codified in chapter 143 of the Local Government Code, generally have permanent employment tenure as public servants. Tex. Loc. Gov't Code Ann. § 143.001 (Vernon 2008).[1] Nevertheless,

---

1. Chapter 143 contains some statutes that generally apply to all covered municipalities and some that apply only to municipalities with populations of at least 1.5 million. Population is determined by the most recent federal decennial census or, if more recent, the state demographer's annual population estimate. *Id.* § 143.02. Because Miller was employed by the City of Houston Police Department, we apply the statutes governing employees of municipalities having populations of at least 1.5 million as well as those

the Act authorizes three types of suspensions from employment as a police officer.

First, the head of the police department may impose an involuntary disciplinary suspension for "a reasonable period not to exceed 15 days." *Id.* § 143.117(a). Such a suspension may be appealed to the Fire Fighters' and Police Officers' Civil Service Commission ("the commission") or to an independent hearing examiner. *See* § 143.118 (appeal to the commission); *id.* § 143.1016 (appeal to an independent hearing examiner). The hearing examiner and the commission have the same duties and powers. *Id.* § 143.1016(f). The selected entity determines if "just cause" exists for the suspension, and may order the period of suspension reduced or instruct the department head to restore the officer to his prior position and repay lost wages. *Id.* § 143.118.

Second, the department head may "indefinitely suspend" a police officer for violating a civil service rule. *Id.* § 143.119(a). Indefinite suspension is the equivalent of termination,[2] and like a disciplinary suspension, it may be appealed to the commission or to an independent hearing examiner. *Id.* §§ 143.106, 143.119. In issuing a decision in such an appeal, the commission or hearing examiner must state whether the officer is permanently dismissed, temporarily suspended, or restored to his former position. *Id.* § 143.120(c). An officer may be suspended or dismissed only after a finding that the specific charges against him are true. *Id.* § 143.120(e).

Third, the department head may allow an officer faced with indefinite suspension the opportunity to remain employed by accepting a voluntary suspension of sixteen to ninety calendar days with no right of appeal. *See id.* § 143.119(f). Because no such offer was extended and accepted by Miller, he retained his right to appeal.

■ A hearing examiner's award is appealable to a district court only on the grounds that the examiner "was without jurisdiction or exceeded [his or her] jurisdiction or that the order was procured by fraud, collusion, or other unlawful means." *Id.* § 143.1016. "A hearing examiner exceeds his jurisdiction when his acts are not authorized by the Act or are contrary to it, or when they invade the policy-setting realm protected by the nondelegation doctrine." *City of Pasadena v. Smith,* 292 S.W.3d 14, 21 (Tex.2009).

## B. Nature of Miller's Allegations

Miller's pleadings and the City's plea to the jurisdiction offer two different characterizations of the examiner's order. Miller pleaded that because the hearing examiner vacated Miller's indefinite suspension and restored him to his former employment, the examiner exceeded his jurisdiction in denying Miller recovery of back pay and lost benefits. *See* TEX. LOC. GOV'T CODE ANN. §§ 143.120(d); 143.1215 (providing that an officer restored to employment is entitled to full compensation for the actual time lost as a result of the suspension). But the City reasons that because an officer does not earn or accrue wages or benefits while suspended, *id.* § 143.122(e), and the examiner withheld an award of back pay, the examiner "ruled ultimately that Miller could keep his job, but that the

---

of general application unless specifically excluded. *Id.* § 143.101. The 2000 federal census lists the population of Houston as 1,953,-631. U.S. Census Bureau, Census 2000, American FactFinder, Geographic Comparison Table, Texas—Place, Summary File 1, http://factfinder.census.gov/servlet/ GCTTable?_bm=y&-geo_id=04000US48&-_ box_head_nbr=GCT-PH1&-ds_name=DEC_ 2000_SFl_U&-format=ST-7.

**2.** *Id.* § 143.052.

Chief had just cause to discipline Miller, and affirmed a suspension for approximately 92 days."[3] We agree with the City's construction of the hearing examiner's order. The question to be resolved is whether the hearing examiner exceeded his jurisdiction by reforming an indefinite suspension to a temporary suspension of more than ninety days.

The Texas Supreme Court answered this question in *City of Waco v. Kelley*, 309 S.W.3d 536 (Tex.2010). In *Kelley*, an assistant chief of police with the same appellate rights as a classified police officer appealed an indefinite suspension, and the hearing examiner reduced the suspension to 180 days, reinstated the officer at a reduced rank, and ruled that he could recover his lost wages and benefits. *Id.* at 539–40. The court noted that a hearing examiner is authorized to reduce the period of an officer's suspension. *Id.* at 539–40 (citing TEX. LOC. GOV'T CODE ANN. § 143.053(f)); *see also* TEX. LOC. GOV'T CODE ANN. § 143.118(b) (employing identical language in section applicable to officers employed by a municipality with a population of at least 1.5 million). But the court further observed that the Act authorizes a department head to impose involuntary suspension only for " 'a reasonable period not to exceed 15 calendar days or for an indefinite period.' " *Id.* at 545 (citing TEX. LOC. GOV'T CODE ANN. § 143.052(b)); *see also* TEX. LOC. GOV'T CODE ANN. § 143.117(a) (authorizing the department head of a larger municipality to suspend an officer "for a reasonable period not to exceed 15 days"); TEX. LOC. GOV'T CODE ANN.

§ 143.119(a) (authorizing the department head of a larger municipality to indefinitely suspend an officer). The court explained that when a hearing examiner finds the charges against an officer are true, the examiner's jurisdiction is limited "to imposing a dismissal from the department, imposing a temporary suspension of fifteen days or less, or restoring the officer's former position or status ... together with wages and benefits lost as a result of the suspension." *Id.* at 547; *see also id.* at 548 ("[T]he Act does not authorize a hearing examiner to both 'restore' an officer while at the same time suspending the officer, even if the officer's suspension is reduced from that imposed by the department head."). The court concluded that although the hearing examiner did not exceed his jurisdiction by reducing Kelley's indefinite suspension to a temporary one, he exceeded his jurisdiction by imposing a temporary suspension of more than fifteen days.

The rationale and holding of *Kelley* apply to the facts presented here. As in *Kelley*, the officer in this case was indefinitely suspended. In both cases, the officer appealed to an independent hearing examiner. In *Kelley*, the hearing examiner expressly found the charges against the officer to be true, and in this case, the hearing examiner impliedly found at least some of the charges against the officer to be true.[4] In *Kelley*, as here, the examiner effectively reinstated the officer and reduced the indefinite suspension to a temporary suspension of more than fifteen

---

**3.** Hurtt specified that Miller was suspended "as of the close of business" on March 8, 2007; Dole issued his decision 92 days later.

**4.** In his written decision, the examiner did not expressly address the underlying allegations of sexual harassment, but only stated the parties' positions on the subject. The examiner focused his "Analysis" on Hurtt's conclu-

sion that Miller was untruthful during a polygraph examination and he concluded, "Just cause was not shown for the Appellant's indefinite suspension. However, the award of back pay and lost benefits are not warranted by the hearing record." His attempt to effectively impose a 92–day suspension implies that he found charges to be true.

days. *See id.* at 543 ("By reducing the suspension, the hearing examiner effectively reinstated Kelley to the police force.").[5] And just as the court in *Kelley* concluded that the hearing examiner exceeded his jurisdiction, we must conclude that the hearing examiner in this case similarly exceeded his jurisdiction.

The hearing examiner in this case was authorized to reduce Miller's indefinite suspension to a temporary suspension, but he was not authorized to impose a temporary suspension of more than fifteen days. Because the examiner exceeded his jurisdiction in effectively imposing a 92–day suspension, the trial court has jurisdiction over the case pursuant to Texas Local Government Code section 143.1016(j).

## V. Conclusion

We sustain Miller's first issue and hold that the trial court erred in granting the City's plea to the jurisdiction. We therefore reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

---

**5.** Although the hearing examiner instructed the City to "restore" Miller's employment, the terms "restore" and "reinstate" have different meanings. *See* Tex. Loc. Gov't Code Ann § 143.120(d) ("If the suspended ... officer is *restored* to the position or class of service from which the person was suspended, the department head shall immediately *reinstate* the person as ordered, and the person is entitled to full compensation ... for the actual time lost as a result of the suspension ....") (emphasis added). A hearing examiner is not authorized both to "restore" an officer while at the same time suspending the officer. *See Kelley,* 309 S.W.3d at 548–49.