

# NUMBER 13-10-00688-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CITY OF MISSION, TEXAS,**                                  **Appellant,**

**v.**

**ALEJANDRO GONZALEZ,**                                     **Appellee.**

---

## On appeal from the 332nd District Court
## of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion by Chief Justice Valdez

Appellant, the City of Mission, appeals from the district court's dismissal of its suit challenging the award of an independent hearing examiner that reinstated appellee, Alejandro Gonzalez, a firefighter, who appellant had suspended indefinitely (i.e., terminated) from employment.[1] By three issues, appellant argues that the dismissal of

---

[1] *See Miller v. City of Houston*, 309 S.W.3d 681, 684 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Indefinite suspension is the equivalent of termination[.]").

its suit for lack of jurisdiction was improper because: (1) the district court has jurisdiction to decide whether a hearing examiner exceeded his jurisdiction; (2) the district court has jurisdiction to decide whether a hearing examiner's award was procured by "unlawful means"; and (3) appellant was prevented from deposing Jessica Martinez prior to the granting of appellee's plea to the jurisdiction. We affirm.

## I. BACKGROUND

### A. Notice of Indefinite Suspension

In a notice letter dated April 29, 2010, appellant informed appellee that he was being indefinitely suspended from employment. The notice letter set forth two grounds for the disciplinary action: (1) improper conduct by appellee in (a) permitting a female visitor to have access to the fire station at unauthorized hours and (b) allowing her to use his security "swipe" card; and (2) "inappropriate behavior" that occurred during the visit.

### B. Appeal to Independent Hearing Examiner

Appellee denied the charges and appealed to an independent hearing examiner, who held an evidentiary hearing and subsequently issued a report describing the evidence presented at the hearing.[2] According to the report, the examiner found that "appellee engaged in the conduct set forth in the notice of disciplinary action as it pertained to violation of rules on visitors and the misuse of his personal identification 'swipe' card." The examiner found that there was no evidence to support the charge of other "inappropriate behavior." In his report, the examiner concluded that "disciplinary action appropriate to those violations [was] warranted."

---

[2] Appellee's written request for a hearing and denial of the charges made against him was dated April 30, 2010. The hearing before the hearing examiner was held on August 12, 2010.

2

The report went on to note, however, that "[i]ndefinite suspension (termination) is the extreme disciplinary action reserved for internal 'capital offenses' such as theft, fighting, lawbreaking, safety breaches, and other violations that may not require the use of progressive discipline." According to the report, "Testimony from several witnesses revealed that it was commonplace for violations of the visitor policy throughout the various fire stations in the department, [to go] without disciplinary actions." The hearing examiner also found it significant that "[t]here was no evidence presented . . . to support an assumption [that] 'inappropriate behavior'" took place during the visit, as alleged in the notice of suspension. Based on the foregoing, the examiner concluded that "a reasonable person would agree that the charges in [and] of themselves do not support the extreme discipline of indefinite suspension (termination)."

In his report, the hearing examiner also noted:

> [Appellee] admitted to violations of . . . department rules to the extent such violations were supported by the evidence and he stated he would not repeat such violations in the future. His actions were a result of personal problems with the mother of his child and he admitted he did not consider consequences. His actions created no harm or damage to the department nor was there any evidence presented by [appellant] claiming actual harm or damage . . . .

Ultimately, the examiner concluded that the indefinite suspension was excessive for the violations committed and ordered the indefinite suspension reduced to a temporary suspension without pay for a term of ten days, awarding appellee back pay, less the period of suspension.

## C. Proceedings in District Court

Subsequently, appellant filed an action for declaratory judgment in district court, seeking to overturn the examiner's award. Appellant alleged two grounds for relief: (1)

the examiner exceeded the scope of his authority by making a finding about a charge of sexual harassment that was not made in the notice of indefinite suspension; and (2) the examiner's award was procured by "unlawful means" because appellee was untruthful in his testimony during the hearing. Appellee filed a plea to the jurisdiction, which was granted by the district court. The district court also granted a motion for protective order filed by appellee in response to appellant's notice of deposition and discovery subpoena for appellee's female visitor. This appeal ensued.

## II. DISCUSSION

By three issues, appellant argues that the district court erred in granting appellee's plea to the jurisdiction.

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *City of Fort Worth v. Davidsaver*, 320 S.W.3d 467, 473 (Tex. App.—Fort Worth 2010, no pet.). We construe the pleadings liberally in favor of the pleader, look to the

4

pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even those facts which may implicate the merits of the cause of action. *Miranda*, 133 S.W.3d at 227; *Blue*, 34 S.W.3d at 555 (confining evidentiary review to evidence that is relevant to the jurisdictional issue); *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228; *see* TEX. R. CIV. P. 166a(c). The defendant is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction; once the defendant meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Miranda*, 133 S.W.3d at 228. If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. *Id.* at 227-28. On the other hand, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

## B. Applicable Law

"A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or

5

that the order was procured by fraud, collusion, or other unlawful means." TEX. LOC. GOV'T CODE ANN. § 143.057(j) (West 2008). The statute refers to an "arbitration panel" exceeding its jurisdiction, but the term includes a hearing examiner. *City of Pasadena v. Smith*, 292 S.W.3d 14, 19 (Tex. 2009).

### C.    Analysis

### 1.  Jurisdiction of Hearing Examiner

In its first issue, appellant argues that the district court erred in concluding that the hearing examiner did not exceed his jurisdiction. A hearing examiner exceeds his jurisdiction when his acts are not authorized by the Fire Fighters and Police Officers Civil Service Act (the "Act") or are contrary to it, or when they invade the policy-setting realm protected by the non-delegation doctrine. *Id.* at 21.

In its live petition, appellant alleged that "the hearing examiner exceeded and/or lacked jurisdiction when he ordered the reinstatement of [appellee] to his job" because: (1) the examiner found that appellee had not committed a violation of Department policy that was never alleged (i.e., sexual harassment); and (2) the examiner stepped into the non-delegable role of policymaker when he concluded that the Department's security policy should not be strictly enforced.

With regard to appellant's first allegation (i.e., that the examiner exonerated appellant of sexual harassment), we note that the hearing examiner's report, which was attached to appellant's live petition and incorporated therein by reference, acknowledged appellant's position that appellee "was not charged with 'sexual harassment,' [and] therefore, discussion of this claim was irrelevant." Elsewhere in the report, it is clear that the examiner wrestled with the question of whether an allegation of

6

sexual harassment was included or could be implied in the notice of indefinite suspension, which used the murky language "inappropriate behavior." This effort by the hearing examiner to determine the specific grounds for the disciplinary action imposed by appellant was consistent with his fact-finding role. *See City of Athens v. MacAvoy*, 353 S.W.3d 905, 911 (Tex. App.—Tyler 2011, pet. denied) ("[T]he statutory scheme for hearing examiners is organized around the examiners acting as fact finders with respect to the allegations against covered employees.").

In his report, the examiner returned repeatedly to appellant's stated position that "this decision was not based on sexual harassment." The report indicates that the examiner struggled with appellant's position (i.e., that the charge of "inappropriate behavior" did not include a sexual-harassment component). Ultimately, the examiner offered the following remarks to reconcile what he perceived to be an inconsistency in appellant's position:

> I have determined in agreement with [appellant] that the entire issue of "sexual harassment" was not the sole factor for disciplinary action in this case. Although there was considerable dialogue related to the subject and evidence presented reflecting disparity [in] treatment, it is this arbitrator's opinion that we must restrict the case to the evidentiary findings. [Appellee] did in fact violate certain rules and regulations and therefore, disciplinary action appropriate to those violations is warranted.

According to the report, the examiner found some of the violations to be true, but he found "no evidence" to support the allegation of "inappropriate behavior." The examiner was careful to note that he was not considering what he perceived to be the sexual-harassment component of the allegation. The report concludes with the examiner's finding that "[i]f, in fact, the sexual harassment issue is not to be considered,

7

then a reasonable person would agree that the charges [found to be true] in [and] of themselves do not support the extreme discipline of indefinite suspension (termination)."

Appellant contends that the examiner exonerated appellee of a charge of sexual harassment thereby exceeding his jurisdiction. We disagree. In his report, the examiner: (1) acknowledged appellant's position that "the sexual harassment issue is not to be considered"; (2) indicated that he would not consider the sexual harassment issue; and (3) concluded that on their own, the other charges that he found to be true "do not support the extreme discipline of indefinite suspension (termination)." Although appellant suggests that the examiner's decision was based solely on his consideration of the sexual harassment charge, the foregoing demonstrates that the examiner based his decision on his finding that "appellee engaged in the conduct set forth in the notice of disciplinary action as it pertained to violation of rules on visitors and the misuse of his personal identification 'swipe' card." The examiner found no evidence to support the charge of other "inappropriate behavior." The examiner found that the charges did not support the indefinite suspension and therefore reduced it to a temporary (10-day) suspension. His report indicates that the sexual harassment issue, if considered as a charge and found to be true, may have possibly supported the imposition of the more severe disciplinary action of indefinite suspension. Accordingly, we conclude that appellant has not established that the district court erred in ruling that the examiner did not exceed his jurisdiction in making this decision.

We reach the same conclusion with regard to appellant's second allegation (i.e., that the examiner ruled that the Department's security policy should not be strictly enforced). Nowhere in the report does the examiner suggest that the Department's

8

security policy should not be strictly enforced. Nor did the examiner seek to impose a new rule or policy. *See City of Pasadena*, 292 S.W.3d at 20 ("[T]he Act does not empower a hearing examiner to make rules."). The examiner performed his proper fact-finding function by determining "the truth of the specific charges against the fire fighter." TEX. LOC. GOV'T CODE ANN. § 143.053(c), (g) (West 2008). Specifically, the examiner found the charges involving violations of the visitation rules and security policy to be true and found the charge involving "inappropriate behavior" not to be true. Thereafter, the examiner exercised his statutory authority to determine the discipline to be imposed. *See City of Waco v. Kelley*, 309 S.W.3d 536, 545 (Tex. 2010) ("When a classified employee appeals an indefinite suspension and the charges are found to be true, the Act affords a hearing examiner options as far as the discipline to be imposed.").

Appellant contends that by choosing to impose a 10-day temporary suspension instead of an indefinite suspension, the examiner invaded a policy-setting realm protected by the non-delegation doctrine; however, the law gives a hearing examiner the authority to select among "options as far as the discipline to be imposed." *Id.*; *see also City of Lancaster v. Clopton*, 246 S.W.3d 837, 841 (Tex. App.—Dallas 2008, no pet.) ("A hearing examiner has the authority and jurisdiction to reduce the length of an indefinite suspension, even if the charges are found to be true."). Appellant's contention is essentially that the hearing examiner's decision was "wrong" because more severe disciplinary action was appropriate. We agree with the district court that this complaint is not within its jurisdiction. *See City of Pasadena*, 292 S.W.3d at 21 ("Asserting that a decision made by the hearing examiner is incorrect is not the same as asserting that the

9

examiner did not have jurisdiction."); *see also* TEX. LOC. GOV'T CODE ANN. § 143.057(j). Accordingly, we overrule appellant's first issue.

### 2. Award Procured by "Unlawful Means"

In its second issue, appellant contends that the district court has jurisdiction to determine whether appellee procured the hearing examiner's award by "unlawful means." TEX. LOC. GOV'T CODE ANN. § 143.057(j).

The decision of a hearing examiner is "final and binding on all parties," *City of Houston v. Jackson*, 192 S.W.3d 764, 768 (Tex. 2006), and "[a]ppeals from an independent hearing examiner's decision are severely circumscribed," *City of Houston v. Clark*, 197 S.W.3d 314, 320 (Tex. 2006). The labor code provides that "[a] district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means." *Id.* "[I]f the examiner's decision was procured by fraud, collusion, or other unlawful means, then [the] . . . proper relief . . . [is] the decision being vacated and a new hearing ordered." *City of Waco v. Kelley*, 309 S.W.3d 536, 540, 552 (Tex. 2010).

"The standard set forth in section 143.057(j) has been interpreted as an 'abuse of authority' standard." *City of Garland v. Byrd*, 97 S.W.3d 601, 607 (Tex. App.—Dallas 2002, pet. denied) (citing *Lindsey v. Fireman's & Policeman's Civil Serv. Comm'n of the City of Houston*, 980 S.W.2d 233, 236 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *Nuchia v. Tippy*, 973 S.W.2d 782, 786 (Tex. App.—Tyler 1998, no pet.)). "An abuse of authority occurs when a decision is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law." *Id.* (citing *City of Carrollton Civil Serv.*

10

*Comm'n v. Peters*, 843 S.W.2d 186, 188 (Tex. App.—Dallas 1992, writ denied). "Although the abuse of authority standard may be strict, it is not meaningless." *Id.*

Appellant argues that, in this case, the examiner's award was procured by "other unlawful means" because it was based on appellee's perjured testimony that he did not engage in any "inappropriate behavior," as appellant charged in its notice letter. TEX. LOC. GOV'T CODE ANN. § 143.057(j). Appellant has not cited, nor has this Court located, any Texas decision holding that "other unlawful means" in section 143.057(j) of the labor code includes perjured testimony.[3]

In the absence of controlling precedent under Texas law, we are guided by precedent interpreting analogous provisions under federal law. Rule 60(b)(3) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

FED. R. CIV. P. 60(b)(3).

"One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (citing *Saenz v. Kenedy*, 178 F.2d 417, 419 (5th Cir. 1949); *Gilmour v. Strescon*

---

[3] In fact, we have found only two decisions interpreting or applying the statutory language "other unlawful means." *See* TEX. LOC. GOV'T CODE ANN. § 143.057(j). In one decision, the Tyler Court of Appeals interpreted the phrase to mean that a "hearing examiner is bound by the same precedent and authority as the Civil Service Commission and the state courts." *Blair v. Razis*, 926 S.W.2d 784, 789 (Tex. App.—Tyler 1996, no pet.). In the other decision, the parties agreed that "because the examiner considered evidence that was not offered by either party during the hearing, the examiner's order was procured by unlawful means, which violated [the employee's] right to due process." *Steubing v. City of Killeen*, 298 S.W.3d 673, 675 (Tex. App.—Austin 2009, pet denied). Neither decision provides much guidance for resolving appellant's complaint in this case.

11

*Indus., Inc.*, 66 F.R.D. 146, 153 (E.D.Pa.1975), *aff'd without opinion*, 521 F.2d 1398 (3d Cir. 1975)). "The conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense." *Id.* (citing *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 421 (1923); *Atchison, Topeka & Santa Fe Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957); *Rubens v. Ellis*, 202 F.2d 415, 417 (5th Cir. 1953)).

In this case, appellant argues that the hearing examiner did not believe the testimony of its eyewitness regarding appellee's "inappropriate behavior" because appellee gave perjured testimony denying that he engaged in the conduct at issue. Yet, the hearing examiner's performance of this fact-finding function—choosing to reject the testimony of one witness while accepting that of another—is not "unlawful." *See City of Athens*, 353 S.W.3d at 911; *Xtria L.L.C. v. Int'l Ins. Alliance*, 286 S.W.3d 583, 597 (Tex. App.—Texarkana 2009, pet. denied) ("In his authority as a fact-finder, [arbitrator] had the capability to judge the credibility of the witnesses before him and could choose to believe the testimony of International's witnesses.").

Moreover, the hearing examiner's report, which was attached to appellant's live petition and incorporated therein by reference, indicates that appellee's allegedly perjured testimony was not the reason the examiner chose to reject the testimony of appellant's eyewitness:

> I have concluded that [appellant's eyewitness] lacks credibility in her version of events because I cannot accept that someone that was supposedly so "humiliated and embarrassed" did not immediately report the events to management. Nor can I accept that despite her embarrassment, she remained in the room for open conversation with [appellee]. A reasonable person would have upon seeing something as she described immediately left the room and reported the incident to

management. This did not occur nor did she inform management for nearly a month or more later.

Based on the foregoing, it is clear that the hearing examiner found the witness to lack credibility based on her own testimony, not based on appellee's testimony. There is nothing "unlawful" about the hearing examiner's exercise of his fact-finding function in this regard. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005) ("[The fact-finder is] the sole judge[] of the credibility of the witnesses and the weight to be given their testimony. [It] may choose to believe one witness and disbelieve another. Reviewing courts cannot impose their own opinions to the contrary."). In sum, appellant failed to allege that the hearing examiner's award was procured by "unlawful means" because appellant's allegations affirmatively establish that it was not unlawfully deprived of a full and fair opportunity to litigate appellee's claim that he did not engage in the "inappropriate behavior" charged in appellant's notice letter. *See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 307 (5th Cir. 2004) ("Courts, however, have held that an arbitration award is not fraudulently obtained when the protesting party had an opportunity to rebut his opponent's claims at the hearing."); *cf. Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 132 (Tex. App.—Waco 2005, pet. denied) (newly discovered evidence alleging that a witness committed perjury was cumulative, impeaching, and not grounds for a new trial).

Appellant's second issue is overruled.

### 3. Protective Order

In its third issue, appellant contends that the district court erred in granting appellee's motion for protective order prohibiting the deposition of appellee's female visitor, Jessica Martinez. The deposition was part of appellant's effort to conduct

discovery on its claim that appellee procured the hearing examiner's award through perjured testimony. In a single order, the district court granted appellee's plea to the jurisdiction and then found, based on that ruling, "the deposition of the witness is moot."

In addressing appellant's first and second issues, we have held that the district court did not err in concluding that it lacked jurisdiction over appellant's claims. Accordingly, we conclude that this issue is moot.

Appellant's third issue is overruled.

### III. CONCLUSION

The order of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice


Delivered and filed the
30th day of August, 2012.