# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00231-CV

**Stephanie Hoskins Brown, Appellant**

**v.**

**Chief Wayne Nero, Paul E. Brandenburg, Elizabeth Jones and
The City of Georgetown, Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 13-1178-C277, HONORABLE RICK MORRIS, JUDGE PRESIDING

## O P I N I O N

In five issues, Stephanie Hoskins Brown appeals from the trial court's order granting appellees' plea to the jurisdiction in a case arising under the Fire Fighters' and Police Officers' Civil Service Act. *See generally* Tex. Loc. Gov't Code §§ 143.001–.403 (Civil Service Act). We will affirm in part and reverse and remand in part.

## BACKGROUND

Before the events giving rise to this appeal, Brown was an officer with the Georgetown Police Department. In January 2013, Brown was investigated by the Department because Eric Poteet, with whom Brown had formerly been in a relationship, alleged that Brown had been taking his prescription medication and had ingested mescaline, a controlled substance.[1] As

---

[1] Poteet admitted that "vengeance" motivated him to report Brown's alleged misconduct.

a result of this investigation, Wayne Nero, the Georgetown chief of police, concluded that Brown had used Poteet's prescription drugs, ingested mescaline, and been untruthful when questioned about using drugs. Chief Nero indefinitely suspended Brown on June 11, 2013.[2]

Pursuant to the Civil Service Act, Brown appealed this indefinite suspension to an independent third-party hearing examiner. *See id.* § 143.057(a) (providing that officer may appeal disciplinary action to hearing examiner). The hearing before this examiner was held on August 26–27, 2013. On August 30, before the hearing examiner announced his decision, Chief Nero met with the Williamson County Attorney and the Williamson County District Attorney and told them about Brown's alleged misconduct. In response, the prosecutors issued a joint letter to Chief Nero on October 31 informing him that their offices would no longer "accept cases in which [Brown] has played a role."

On November 1, the hearing examiner issued his decision. He concluded that the City had met its burden of proof with respect to the charge that Brown had used prescription drugs belonging to Poteet. However, he also determined that Brown had her own prescription for the drugs and did not use them for recreational purposes. The hearing examiner further concluded that the City had not met its burden of proof with respect to the charge that Brown had ingested mescaline or been untruthful during the investigation. Accordingly, the hearing examiner reduced Brown's suspension to fifteen days and ordered her reinstated with back pay and benefits.

---

[2] An indefinite suspension is equivalent to termination. *See* Tex. Loc. Gov't Code § 143.052(b); *Miller v. City of Houston*, 309 S.W.3d 681, 684 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

2

On November 7, the City reinstated Brown and awarded her back pay. However, on November 8, the City once again terminated Brown. In a letter to Brown, Chief Nero explained that because the county attorney and district attorney had decided "to no longer sponsor [Brown] as a witness" and had communicated "their refusal to accept [Brown's] cases," Brown could "no longer fulfill one of the essential job functions" for her position, "which is testifying in court proceedings." Chief Nero also stated that because "this is a non-disciplinary termination," Brown did not "have appeal rights under [the Civil Service Act]."

Brown filed an appeal with the Georgetown Civil Service Commission on November 15. *See id.* § 143.053(b) (providing that officer may appeal disciplinary suspension to commission); *id.* § 143.010(a) (requiring officer to file appeal with commission within ten days after action occurred). On November 21, appellee Elizabeth Jones, the interim civil service director, informed Brown that the Commission was denying her request for appeal because her termination "was not disciplinary in nature, but was based on [her] inability to meet the requirements of the position of Police Officer." According to Jones, "[b]ecause this termination was not based on disciplinary action, a hearing under the civil service statute is not available to [Brown]."

Brown then filed this lawsuit against the City of Georgetown, Chief Nero in his official capacity, Jones in her official capacity, and Paul Brandenburg in his official capacity as city manager. She sought relief under the Uniform Declaratory Judgments Act, *see generally* Tex. Civ. Prac. & Rem. Code §§ 37.001–.011, asking the court to declare, among other things, that her termination was a disciplinary action triggering appeal rights under the Civil Service Act and that the defendants violated the Act when they terminated Brown based on the same alleged conduct

3

already ruled on by the hearing examiner. Brown also sought a writ of mandamus ordering Nero and Brandenburg to reinstate her and to give her back pay and benefits. In the alternative, Brown asked the court to order the defendants to allow her to appeal her termination to the Commission.

The defendants filed a plea to the jurisdiction, arguing that Brown had failed to establish a justiciable claim and had not invoked the district court's jurisdiction under the Civil Service Act because the Act grants officers no right to appeal a non-disciplinary termination. The trial court granted the defendants' plea, and this appeal followed.

## DISCUSSION

The threshold question in this case is whether Brown's termination was a disciplinary suspension that she was entitled to appeal under the Civil Service Act. The trial court decided this question in the negative when it granted the defendants' plea to the jurisdiction. The only ground advanced in the plea was that the Act did not give the Commission jurisdiction over Brown's appeal of a non-disciplinary suspension and, therefore, the trial court did not have jurisdiction to consider her claims. Because the relevant underlying facts are undisputed, we will review de novo the question of whether the Civil Service Act entitled Brown to appeal her suspension to the Commission. *See First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008) ("The construction of a statute is a question of law we review de novo."); *Texas Comm'n on Envtl. Quality v. Bonser-Lain*, 438 S.W.3d 887, 893 (Tex. App.—Austin 2014, no pet.) (court of appeals reviews trial court's ruling on plea to the jurisdiction de novo).

The Civil Service Act "does not provide for administrative appeal of every possible disciplinary action taken by the Chief [of Police], only those that are specifically enumerated.

4

Under the [Act], the Commission only has jurisdiction to hear appeals from promotional passovers, disciplinary suspensions, and demotions." *Corbitt v. City of Temple*, 941 S.W.2d 354, 355 (Tex. App.—Austin 1997, writ denied) (footnote omitted). If Brown's termination was a disciplinary suspension, then the Commission had jurisdiction over her appeal and was required to hear and decide it. *See* Tex. Loc. Gov't Code § 143.053(b) ("If a suspended fire fighter or police officer appeals the suspension to the commission, the commission *shall* hold a hearing and render a decision in writing within 30 days after the date it receives notice of appeal.") (emphasis added); *see also* Tex. Gov't Code § 311.016(2) ("'Shall' imposes a duty."); *Southwestern Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 588 (Tex. 2015) (noting that "[t]he use of the word 'shall' evidences the mandatory nature of the duty imposed"). We conclude that Brown's termination was a disciplinary suspension.

There is no dispute that Brown's first termination was a disciplinary suspension and was based on allegations that Brown used drugs and was untruthful during the Department's investigation. It is also undisputed that Chief Nero communicated these same allegations and his own conclusions to the district and county attorneys and that these allegations were the basis of the prosecutors' decision to no longer accept cases in which Brown played a role. Therefore, Brown's second termination, which occurred just a day after she was reinstated as ordered by the hearing examiner, was ultimately based on the same allegations as her first termination—allegations that she had committed acts meriting a disciplinary suspension.

The defendants now assert that they are not responsible for the prosecutors' decision and that it is beyond their control. According to the defendants, because the prosecutors will not sponsor Brown as a witness, Brown is no longer qualified to serve as a Georgetown police officer and her termination was therefore not based on disciplinary grounds.

5

Based on the record before us, it does not appear that Brown's termination related to her qualifications. The defendants presented no evidence that she was incapable of testifying or of performing any other required function. Brown was not fired because she failed to maintain a license, pass an exam, or perform satisfactorily in the field. Rather, the evidence showed that the prosecutors' decision not to accept Brown's cases was based on Chief Nero's accusations of untruthfulness, which the hearing examiner found to be groundless. And instead of abiding by the hearing examiner's award, which was "final and binding on all parties," *see* Tex. Loc. Gov't Code § 143.057(c), Chief Nero allowed the unilateral decision of elected officials to circumvent the protections of the Civil Service Act.

The Civil Service Act was intended to prevent the sort of factual scenario we have before us. *See id.* § 143.001(a) ("The purpose of this chapter is to secure efficient fire and police departments composed of capable personnel who are *free from political influence* and who have permanent employment tenure as public servants.") (emphasis added). According to the defendants' theory, prosecutors have unbridled discretion to declare that they will not accept cases from an officer, and the police chief may—and, in fact, has a duty to—terminate that officer. Furthermore, according to the defendants, this termination is completely insulated from review by anyone—the Commission, a hearing examiner, or the courts. This cannot be how the Civil Service Act works, as this interpretation would allow the defendants to nullify Brown's statutory right to appeal merely by relabeling her termination as "non-disciplinary."

Because we conclude that Brown's termination was a disciplinary suspension and that the Commission is required by statute to hear her appeal, we sustain her issues to the extent they

ask us to reverse the trial court's order in part and remand to the trial court for further proceedings. *See Hamilton v. Washington*, No. 03-11-00594-CV, 2014 WL 7458988, at \*10 (Tex. App.—Austin Dec. 23, 2014, no pet.) (mem. op.) (holding that district court had jurisdiction to consider plaintiff's claims "for declaratory and mandamus relief concerning the interpretation of the Civil Service Act, [plaintiff's] compliance with it, and the officials' failure to perform ministerial duties under the act"). However, because Brown has not exhausted all of her administrative remedies, neither we nor the trial court have jurisdiction to order that she be reinstated with back pay and benefits. *See id.* at \*6 (holding that trial court did not err in granting city's plea to the jurisdiction as to plaintiff's request for reinstatement because "there [had] been no initial determination in this dispute at the Commission level"). At this time, "the sole authority to make the initial decision to uphold the suspension or reverse it and grant reinstatement is afforded the official making the decision at the Commission level." *Id.* Accordingly, we overrule Brown's issues to the extent they ask us to order her reinstatement.[3]

---

[3] The defendants also contend that Brown failed to join a necessary party—the Commission—and that her suit should therefore be dismissed as a matter of law. However, the defendants did not raise this issue in the plea to the jurisdiction we are now reviewing. Instead, they raised it in their special exceptions, and there is nothing in the record to suggest that the trial court ever ruled on these special exceptions. *See In re Estate of Tyner*, 292 S.W.3d 179, 185 (Tex. App.—Tyler 2009, no pet.) ("Special exceptions that are not called to the trial court's attention and on which the record does not show that the trial court acted are waived."); *Gallien v. Washington Mut. Home Loans, Inc.*, 209 S.W.3d 856, 862 (Tex. App.—Texarkana 2006, no pet.) ("Without a written order on the special exceptions, MSV waived its special exceptions."); *see also McCarthy v. George*, 618 S.W.2d 762, 763 (Tex. 1981) (per curiam) ("One of the aims of the revised [Rule 39] was to avoid questions of jurisdiction. What is involved, under Rule 39, is a question of whether the court ought to proceed with those who are present."); *Cooper v. Texas Gulf Indus., Inc.*, 513 S.W.2d 200, 204 (Tex. 1974) ("Contrary to our emphasis under Rule 39 before it was amended, today's concern is less that of the jurisdiction of a court to proceed and is more a question of whether the court ought to proceed with those who are present."); *id.* ("Under the provisions of our present

**CONCLUSION**

We affirm the trial court's order to the extent that it granted the defendants' plea to the jurisdiction on Brown's request for reinstatement with back pay and benefits. We reverse the trial court's order in all other respects, and we remand the cause to the trial court for further proceedings consistent with this opinion.

                              _____

                              Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed in Part; Reversed and Remanded in Part

Filed:   September 22, 2015

---

Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined."). To the extent the defendants have not waived their special exceptions, they may be considered on remand.